**UNITED STATES of America,**
**Appellee,**

*v.*

**James Robert FRANKENBERRY, Jr.,**
**Appellant.**

**No. 218, Docket 31768.**

United States Court of Appeals
Second Circuit.

Argued Dec. 6, 1967.

Decided Dec. 18, 1967.

Elkan Abramowitz, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, and Otto G. Obermaier, Asst. U. S. Atty., New York City, on the brief), for appellee.

H. Elliot Wales, New York City, for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM:

James Robert Frankenberry, Jr., was convicted by a jury in the Southern District of New York of escaping from federal custody while confined to an in-stitution by virtue of a conviction for an offense against the United States. 18 U.S.C. § 751.

On April 12, 1967 Frankenberry had been sentenced pursuant to 18 U.S.C. § 5010(b) to up to six years treatment and supervision as a youth offender pursuant to 18 U.S.C. Ch. 402. After a period of confinement in the Federal Correctional Institute at Petersburg, Virginia, he was transferred on January 10, 1967 to the Springfield College Guidance Center in New York City. The Guidance Center is a pre-release center where inmates are allowed to leave the building provided they have permission of their guidance counsellor. However, all inmates are required to return before the 10 o'clock evening curfew. On February 2, 1967 Frankenberry left the Center and failed to return.[1]

At trial, appellant's counsel attempted to show that another inmate had threatened Frankenberry more than six days prior to the date of his departure. The evidence was excluded despite counsel's contention that it was relevant to the question of appellant's intent. But the offer of proof did not contain any evidence that Frankenberry intended to return to the Center or that he was under duress or in immediate danger of physical harm at the time that he fled, six days after the last incident in the offer of proof. We find that the trial judge properly excluded the evidence as irrelevant. A possible reason for the appellant's desire to flee can hardly be evidence that the appellant lacked the intent to flee.

Secondly, appellant claims that the prosecutor's summation was improper because it referred to defendant's bad character, although the defendant's character was not in issue. The prosecutor said:

"The only thing as jurors that could becloud your deliberations in this mat-

---

1. "The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in chapter 35 of this title." 18 U.S.C. § 4082(d).

ter is any possible sympathy you may find for the defendant by his mere appearance. Whether or not he is as clean-cut as he looks is not for you to decide. That is a matter for the judge at a later time when he has a chance to take in all of the circumstances of the defendant's background. * * * "

At this point appellant's counsel interrupted with an objection, which the judge sustained and, after denying counsel's motion for a mistrial, he immediately instructed the jury that " * * * the matter of punishment is solely the burden of the Court. That is not your concern. Just disregard the latter statement, please."

 In view of the judge's prompt action and instruction, and since the jury already knew from the facts of the case that defendant had escaped while serving a sentence for transportation of a stolen automobile in interstate commerce, we do not think that reference to the court's consideration of circumstances in the defendant's background was prejudicial error. United States v. Murphy, 374 F.2d 651 (2 Cir.), cert. denied, 389 U.S. 836, 88 S.Ct. 47, 19 L.Ed.2d 98 (1967); United States v. Caruso, 358 F.2d 184, 186 (2 Cir.), cert. denied, 385 U.S. 862, 87 S.Ct. 116, 17 L.Ed.2d 88 (1966); United States v. DeAlesandro, 361 F.2d 694, 697 (2 Cir.), cert. denied, 385 U.S. 842, 87 S.Ct. 94, 17 L.Ed.2d 74 (1966).

Appellant's final contention is that illegally seized evidence was introduced at trial. Two weeks after his escape, Frankenberry was arrested in Monterey, California, on an unrelated charge. At the time of the arrest a perfunctory search was made. Then he was taken to a police station less than a mile away and within half an hour a more thorough search was made when appellant was being booked. During the search Frankenberry's diary was found. Entries from the diary were read to the jury over appellant's objection.

The diary was properly seized in a search incident to the arrest. It is entirely proper and indeed good police practice to make a more careful and thorough search of a person who has been arrested once he is brought to the police station. There are obvious reasons why it is often advisable to conduct a more thorough search at a police station rather than on a public thoroughfare or in a public place and why such a search can be more safely and better conducted in surroundings which are completely under police control. Charles v. United States, 278 F.2d 386, 389 n. 2 (9 Cir. 1960). Accord, Abel v. United States, 362 U.S. 217, 239, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). The evidence obtained as a result of a second search at the police station following a valid arrest is admissible. Abel v. United States, supra; Rodgers v. United States, 362 F.2d 358 (8 Cir. 1966); Charles v. United States, supra.

The judgment is affirmed.