432 F.2d 1046
 UNITED STATES of America ex rel. Shahid El Hussein MUHAMMAD o/c Maynard Prater, Relator-Appellant,
v.
Hon. Vincent R. MANCUSI, as Warden of Attica State Prison, Attica, New York, Respondent-Appellee.
 No. 809.
 Docket 33951.
 United States Court of Appeals, Second Circuit.
 Argued May 25, 1970.
 Decided October 22, 1970.
 
 Edmund R. Schroeder, Morton E. Grosz, Milton Adler, New York City, for appellant.
 Brenda Soloff, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., for appellee.
 Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The one issue presented by this appeal from the denial, without a hearing, of appellant's petition for a writ of habeas corpus in the United States District Court for the Southern District of New York, Metzner, J., is whether an examination at the FBI headquarters in New York City of a briefcase and wallet which were in defendant's possession at the scene and time of his arrest in the public lobby of a bank was unconstitutional as an "unreasonable search."
 
 
 2
 Following a robbery of money orders from a camera store located in the Bronx, the FBI was informed by a bank employee that appellant was in a branch office of the bank and was seeking to cash suspect money orders. Two FBI agents went to the bank forthwith and, upon ascertaining that the money orders in question were ones taken in the camera store robbery, there arrested appellant, made a limited search of his person, and took from him a briefcase he had been carrying. Appellant was taken directly to FBI headquarters where he was questioned, and his personal effects, including the briefcase, were examined. The briefcase contained 44, and his wallet 4, of the stolen money orders.
 
 
 3
 At appellant's trial in state court for the camera store robbery, the money orders discovered by the search at FBI headquarters were, over objection, introduced into evidence as those stolen from the camera store. Appellant was convicted and sentenced to serve a term of from 15 to 30 years in prison. After appealing his conviction without success to the state appellate courts certiorari review was denied by the United States Supreme Court, Muhammad v. New York, 392 U.S. 944, 88 S.Ct. 2288, 20 L. Ed.2d 1406 (1968).
 
 
 4
 Appellant recognizes that the warrantless search of the briefcase and the seizure of the money orders would have been proper if the search had been conducted at the time of his arrest in the lobby of the bank, but he claims, relying upon the rule in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), reaffirmed in Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L.Ed.2d 685 (1969), that the Government was foreclosed from searching it and seizing its contents without a warrant after he and the briefcase had been removed from the scene of the arrest.
 
 
 5
 This contention is entirely frivolous. Nothing could be more consistent with a decent regard for the preservation of appellant's right to human dignity than the act of the officers here in not publicly overhauling appellant's personal effects in the lobby of the bank. Officers may indeed promptly conduct more thorough searches of an arrested person and of the personal effects in his possession at the time of his arrest at a more convenient place than the spot of arrest. We have so held in the past subsequent to Preston, e. g., United States v. Frankenberry, 387 F.2d 337 (2 Cir. 1967); United States v. Caruso, 358 F.2d 184 (2 Cir.), cert. denied, 385 U.S. 862, 87 S.Ct. 116, 17 L.Ed.2d 88 (1966). And, in accord with an able opinion of Judge Coffin of the First Circuit, United States v. DeLeo, 422 F.2d 487, 491-493 (1 Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970), demonstrating that the reasoning of the above cases, and numerous other cases like them, has not been overruled by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), we now hold here, subsequent to Chimel.
 
 
 6
 Moreover, we do not find Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) apposite. Here the challenged search is a search of a suspect's person and of his personal effects in his immediate possession at the time of his arrest when there was probable cause to effect that arrest. The examination of appellant's briefcase at the FBI headquarters presents no different constitutional issue than a search there of his suit pockets, or hatband, would present.
 
 
 7
 The order below is affirmed.