Cheshire,
No. 4353.

CLYDE H. LAPLANT

*v.*

IONE MAY LAPLANT.

Submitted January 5, 1955.

Decided January 28, 1955.

*William D. Tribble* and *Walter H. Gentsch* for the plaintiff, furnished no brief.

*Ernest L. Bell, Jr.* for the defendant, furnished no brief.

GOODNOW, J. By his petition, the plaintiff seeks to have his marriage to the defendant annulled on the basis that they were never legally married. No findings were made by the Trial Court nor were any requested. Under these circumstances, all special findings necessary to justify the decree were presumably made (*Lincoln* v. *Langley,* 99 N. H. 158, 159) and it is assumed that the denial of the annulment was based on a finding that a valid marriage between the parties did exist. The sole question raised by the plaintiff's exception to the decree relates to this finding, it being the only question of law apparent upon the face of the decision. *Hackett* v. *Railroad,* 95 N. H. 45, 46; *Eastman* v. *Waisman,* 94 N. H. 253, 254.

Neither party disputed the fact that the defendant was a married woman at the time of the ceremony in Oklahoma, her divorce from her former husband not then having become absolute, and that under the laws of that state, her marriage to the plaintiff was void. *Whitney* v. *Whitney,* 192 Okla. 174. On the other hand, the Court could find that one or both parties entered into that marriage contract in good faith, in the full belief that the defendant's prior marriage had been fully terminated. In June, 1945, the parties moved from Oklahoma to Massachusetts and were living in the latter state on July 15, 1945, when the defendant's divorce became absolute. On the record before it, the Trial Court could clearly find that after the impediment to their marriage had thereby been removed, the plaintiff and defendant continued to live together as husband and wife in Massachusetts, in good faith on the part of both of them, until they moved to New Hampshire on or about October 1, 1945, and that they continued to so reside in this state until shortly before July 3, 1953, when this action was commenced.

On these facts, the requirements of General Laws of Massachusetts (Ter. *ed.*), c. 207, s. 6 were met. The marriage of the parties,

entered into in Oklahoma, "became valid [on July 15, 1945] upon the removal of the impediment during their cohabitation as domiciliaries" in Massachusetts (*Smith* v. *Smith*, 99 N. H. 362), and was properly recognized by the Trial Court as valid in this state where the parties later became domiciled. *Smith* v. *Smith*, *supra*.

*Petition dismissed.*

All concurred.