Hillsborough
No. 7759

BELLETETE'S, INC.

v.

MICHAEL E. ALDRICH *& a.*

October 17, 1977

*Wiggin & Nourie,* of Manchester, and *Dort S. Bigg, Jr. (Mr. Bigg* orally), for the plaintiff.

*Brighton, Fernald, Taft & Hampsey,* of Peterborough, and *John R. Falby, Jr. (Mr. Falby* orally), for the defendant trustee bank.

BOIS, J. The principal issue before us is whether the trial court erred in refusing to allow post-judgment amendment of a disclosure made under trustee process.

In April 1973, the plaintiff, a building materials supplier, brought this action in debt against the defendants Aldrich, husband and wife, for $2,823.25 in materials supplied in connection with the construction of a single-family residence. On May 1, 1973, the plaintiff served the defendant bank with trustee process. RSA 512:1

*et seq.* Bank officers returned a trustee disclosure form indicating the bank then held $11,049.94 of the principal debtor's assets (the $13,000 loan amount less loan advances of $1,950.06). Default judgment was secured against the defendants and on September 5, 1973, execution issued on the judgment. On September 17, 1973, the trustee wrote the clerk of the superior court advising that the prior trustee disclosure had been erroneous and that the bank in fact held none of the assets of the defendants; the letter requested that the writ of execution be withdrawn. In May 1974, the trustee formally filed an amended trustee disclosure reflecting the position taken in its September 17 letter.

In 1976, a hearing was held on the matter of whether the original disclosure should be amended. The Superior Court (*Goode,* J.) refused to allow any amendment and declined to recall the execution. A motion for reconsideration was similarly denied. All questions of law and exceptions have been reserved and transferred.

■ We note initially that the trustee made no request for findings or rulings before or at the time the court rendered its original decision. Superior Court Rule 67 (RSA 491:App. R. 67 (Supp. 1975)) provides that:

> In non-jury cases, unless otherwise ordered for good cause shown, all requests for findings and rulings and written memoranda of law must be submitted to the Presiding Justice at the close of the evidence.

*See Moynihan v. Brennan,* 77 N.H. 273, 90 A. 964 (1914). While a request for findings was made in the trustee's motion for reconsideration, no good cause for the delay was alleged, and there was thus no error in the trial court's decision not to render findings. Under these circumstances, the trial court is presumed to have made the findings necessary to support its decree. *Laplant v. Laplant,* 99 N.H. 357, 111 A.2d 325 (1955); *Tibbetts v. Tibbetts,* 109 N.H. 239, 240, 248 A.2d 75, 76–77 (1968).

A trustee is chargeable "[i]f, upon the depositions in the case, . . . it appears that the trustee had in his possession at the time of the service of the writ upon him, or at any time after, any money, goods, chattels, rights or credits of the defendant, not exempted from trustee process. . . ." RSA 512:20.

The trustee argues that, at the time of trustee process, any further disbursements on the loan were conditional on further construction progress by the defendant, and thus that it then held no

money or credits of the defendant. There was circumstantial evidence that the loan was conditional in nature; only a portion of the loan proceeds had been paid out and the loan agreement provided that "[i]n the case of a construction loan, the applicant hereby agrees to accept the schedule of payments and conditions as set forth on the Bank's Construction Loan Inspection Sheet."

However, there was other evidence leading to a contrary conclusion: defendant's promissory note "for value received" in the amount of $13,000; the approved mortgage loan application showing that the appraised value of the property was considerably in excess of the amount of the loan; and other indications that the bank viewed itself as holding the loan proceeds for the credit of the principal debtor. It was also proper to consider as substantive evidence the original trustee disclosure. RSA 512:19. Further, there were deficiencies in the trustee's proof. The individual who prepared the disclosure was heard by the court but the bank officer who executed it and allegedly made the "mistake" did not testify. There was never produced into evidence any "Construction Loan Inspection Sheet."

■ After a review of and on the basis of the record in this case, we cannot hold, as a matter of law, that it was error or an abuse of discretion for the court to find itself unconvinced that the original trustee disclosure was erroneous. "As we have so often held, conflicts in evidence and issues of fact are for the trial court to resolve, and its determinations are binding on the reviewing court where there is evidence to support it." *New Bradford Co. Inc. v. Meunier*, 117 N.H. 774, 378 A.2d 748 (1977) (decided this day); *Copeland Process Corp. v. Nalews, Inc.*, 113 N.H. 612, 312 A.2d 576 (1973).

We have examined the trustee's other contentions and find them without merit. We note in particular that we find unconvincing the belated contention that the scope of the court hearing caught it by surprise. Further, we are unpersuaded by the contention, advanced only in oral argument, that certain boiler-plate language in the loan application rendered the bank's obligations illusory.

Given the facts and procedural posture of this case, we need not and do not decide the respective rights of a mortgagor and of a mortgagee under a construction loan mortgage.

*Exceptions overruled.*

All concurred.