Merrimack
No. 84-517

### NEW HAMPSHIRE EXPLOSIVES AND MACHINERY CORPORATION

v.

### JEAN–PAUL MORENCY,
d/b/a CJW AND SONS, NCS ENTERPRISES, INC., TRUSTEE

June 17, 1985

*Rinden Professional Association*, of Concord (*Richard Y. Uchida* on the brief, and *Paul A. Rinden* orally), for the plaintiff.

*Alexander J. Kalinski*, of Manchester, by brief and orally, for NCS Enterprises, Inc., Trustee.

### MEMORANDUM OPINION

The issue before us is whether the trial court erred in refusing to allow a post-judgment amendment of a disclosure made under trustee process. We affirm.

The plaintiff, New Hampshire Explosives and Machinery Corporation, in its action against the defendant, Jean-Paul Morency, was granted a trustee attachment order against NCS Enterprises, Inc.

(NCS) on November 22, 1982, for any monies owed the defendant by NCS.

On December 15, 1982, in response to the writ of attachment, the comptroller of NCS executed a trustee disclosure which stated that NCS had owed the defendant $3,400.85 when the writ was served and $17,361.97 when the disclosure was executed. NCS subsequently paid over to the defendant $3,000 which had been exempted from the attachment order, and thereby reduced NCS's admitted liability to $14,361.97.

On February 9, 1983, judgment in the amount of $33,112.97 was entered against the defendant on behalf of the plaintiff. On February 15, 1983, the superior court issued a writ of execution, in which it adjudged that NCS was chargeable as trustee for $14,361.97 in partial discharge of the plaintiff's judgment against the defendant.

After NCS failed to honor the writ of execution, the plaintiff moved the court to find NCS in contempt. In defending against the motion, NCS filed an amended trustee disclosure which stated:

> "At time of disclosure, o[n] or around December 15, 1982, the amounts owed to and/or by the respective parties was impossible to ascertain, in that a contract between parties was not complete and any debts due thereon were conditioned on successful completion of the contract. At present, the above-said Defendant . . . is indebted to the Trustee— N.C.S. Enterprises, Inc., for $5,211.57, due to damages resulting from breach of contract . . . ."

After a hearing, the Superior Court (*DiClerico*, J.) ordered NCS to pay the plaintiff $14,361.97 before October 26, 1984. NCS appeals.

We must uphold the trial court's decision to continue to charge NCS for the full amount it originally disclosed as owed to the defendant unless we find the decision to be an abuse of the court's discretion. *Belletete's, Inc. v. Aldrich*, 117 N.H. 780, 782, 378 A.2d 1373, 1375 (1977). Whether the court's ruling was reasonable turns on whether the record supports the finding that $14,361.97 was the amount that NCS owed the defendant. *See id.*

Other than the original and the proposed amended trustee disclosures, nothing in the record indicates the value of the amount owed to the defendant by NCS. Given the fact that NCS had the opportunity at the contempt hearing to present the court with affidavits or other evidence indicating that the originally disclosed amount had been wrong, but failed to do so, we find that the court could properly regard the originally disclosed amount as the more credible estimate. Therefore, "[a]fter a review of and on the basis of

the record in this case, we cannot hold, as a matter of law, that it was error or an abuse of discretion for the court to find itself unconvinced that the original trustee disclosure was erroneous." *Belletete's, Inc. v. Aldrich supra.*

*Affirmed.*