Per Curiam.

This case does not come within any of the decisions which have been made by this Court upon the subject of written contracts. The defendant, whose name is placed on the back of the note, was no party to it; nor does it appear, from the facts agreed, how he became possessed of it.
The note is in its form negotiable; but the payee never negotiated it; at least it does not appear that he endorsed it. The defendant cannot be considered as a surety or original promisor to the plaintiff, because the plaintiff was not the payee of the note. If he can be made liable in any way to the plaintift * it must be on account of some special contract, of which there is no evidence resulting from the facts agreed in the statement. It may be that, holding the note under a delivery from the payee, he delivered it to the plaintiff with his consent that the plaintiff should receive the money due on it. There appears no evidence of any contract whatever with the plaintiff by the defendant. If the plaintiff can produce evidence,, that the defendant undertook to guaranty the payment of this note to him, the statement of facts may be discharged, and the parties go to trial. But if no other facts exist than those contained in the statement, the plaintiff must become nonsuit, (a)

 [Sampson vs. Thomson, 3 Met. 275. — Pierce vs. Mann, 17 Pick. 244. — Sumner vs. Gay, 4 Pick. 312. — Moies vs. Bird, 11 Mass. Rep. 440, and note.— White vs Howland, 9 Mass. Rep. 314. — Baker vs. Briggs, 8 Pick. 122.— Tenney vs. Prince, 4 Pick. 385. — Scalenny vs. Hungerford, 2 Hill, N. Y. R. 80. — Dean vs. Hall, 17 Wend. 214. — It would seem to be clear from the authorities that-the defendant was liable t<i the plaintiff upon the endorsement. Bayley on Bills, 5th Lond. ed. 129—134. — Tassell vs. Lewis, 1 Lord R. 743. —• Bank of England vs. Newman, Ibid. 442.—Nichol son vs. Sedgwick, Ibid. 180. — Ed.]