Dyer
v.
Stanwood.

---

## LAMOS *versus* SNELL.

In an action on the case, for slander, the defendant, for the purpose of reducing the damages, may introduce evidence to show that the plaintiff's general character is bad ; but evidence of particular facts, tending to impeach the plaintiff's character, is inadmissible.

The evidence of general character is not confined to the plaintiff's character in

relation to the subject matter of the slander ; as for instance, to his character for theft, where the charge was that the plaintiff had been guilty of stealing.

Case for slander. The words set out in the declaration were, "that old thievish Moses Lamos stole my pork, which I had in my barn, for I tracked him."

The action was tried in the common pleas, January term, 1833, upon the general issue, when the defendant, with a view of reducing the damages, proposed to enquire into the plaintiff's general character as a virtuous and honest man, or otherwise.

He also offered to prove, that for a long time previous to the speaking of the words, the plaintiff had been in the habit of harboring and associating with persons generally reputed to be thieves in the neighborhood where he and they lived, and that the plaintiff knew they were so reputed.

The court rejected the evidence, but ruled that the defendant might introduce evidence as to the plaintiff's general character for stealing.

A verdict having been returned for the plaintiff, the defendant moved for a new trial and the case was transferred.

*I. Bartlett*, for the plaintiff, cited Roscoe on Evid. 293 ; Petersdorff's Abr. [217] 154.

*Christie*, for the defendant.

Parker, J. The ruling of the court, by which the defendant was precluded from introducing evidence to show that the plaintiff had been in the habit of harboring persons reputed to be thieves, and that he knew they were so reputed, was correct.

If such has been the fact, the plaintiff's general reputation must be bad, and the defendant may have the full benefit of it upon the general inquiry ; but evidence of particular facts, not immediately connected with the charge, such as who have, or have not, been inmates

with the plaintiff, and the reputation of those persons, he cannot be supposed to have come prepared to show in this suit.

In *East of Leicester* v. *Walter*, 2 Camp. 251, evidence was admitted to prove that there was a general suspicion of the plaintiff's character and habits, and that it was generally rumored that such a charge had been brought against him. And in —— v. *Moor*, 1 Mau. & Sel. 284, the defendant was permitted to enquire whether there were not reports that the plaintiff had been guilty of similar practices.

Evidence of a similar nature was admitted in *Hyde* v. *Bailey*, 3 Conn. Rep. 466, and in *Treat* v. *Browning & wife*, 4 Conn. 408, in the last case, however, only as evidence of character, in relation to the subject matter of the charge.

These decisions have been questioned in subsequent cases, and it may well deserve consideration how far even the latter can be supported. 8 Wendell, 579, *Gilman* v. *Lowell*; ditto, 602, *Inman* v. *Foster*; 4 Wendell, 659, *Mapes* v. *Weeks*; 5 Cowen, 499, *Matson* v. *Buck*; 7 Cowen, 613—631, *Root* v. *King*.

However this may be, authorities are numerous to prove that the defendant is not confined to evidence of character founded upon matters of the same nature as that specified in the charge, as for instance, to evidence of the plaintiff's character as a thief, whereas in this case the charge was theft; but he may give in evidence the general bad character of the plaintiff, not by way of justification, but in mitigation of damages, and for this enquiry the plaintiff must stand prepared. 2 Stark. Evid. 369, 878; 1 Phil. Evid. 140 [146]; Starkie on Slander, 409; 6 Mass. 518, *Wolcott* v. *Hall*; 14 Mass. 279, *Ross* v. *Lapham*; 3 Pick. 376, *Bodwell* v. *Swan & wife*; 2 Cowen, 811, *Paddock* v. *Salisbury*.

The principle upon which the decisions proceed, is, that a person of disparaged fame is not entitled to the same

Lamos
v.
Snell.

measure of damages, for any particular charge calculated to affect reputation, as a person whose character was previously unblemished; because a character of the first description is not susceptible of the same degree of injury as the other, or may perhaps be "so bad as to be incapable of receiving injury."

We see no objection to this principle, and as the defendant was precluded from introducing evidence of bad character, generally, there must be a

*New trial.*