## SEVERANCE *v.* HILTON.

It is discretionary with the court, whether a witness who has been examined and dismissed from the stand shall be recalled.

In an action for slander, the plaintiff cannot give evidence of his own general good character to rebut a contradiction of his proof that the words were spoken by the defendant, as alleged in the declaration.

CASE, for words spoken by the defendant, charging the plaintiff with poisoning his first wife.

The plaintiff introduced three witnesses, who testified that the words were spoken by the defendant, as charged in the plaintiff's declaration.    One of these was William H. Hadley.

The defendant introduced evidence to show that these witnesses of the plaintiff had made different representations at other times, as to the speaking of the words by the defendant; and that they could not have been spoken at the time testified to by the three witnesses, from their relation to other transactions, the time of which was attempted to be fixed by the defendant's witnesses. Hadley, who had been very fully examined and cross-examined, was recalled near the close of the trial, to show how he intended to be understood, as to the time when the defendant spoke the words charged, with reference to an injury to the plaintiff's dog, which had been referred to by the witnesses.    This evidence was objected to by the defendant, and was rejected.

One David G. Bean testified to an angry conversation between the plaintiff and the defendant.    The plaintiff, to impeach Bean, and to maintain the introductory averments of the good character of the plaintiff, offered evidence tending to prove that the plaintiff was a person of a very mild and peaceable character. The evidence was objected to, and held inadmissible.

A verdict being found for the defendant, the plaintiff moves for a new trial, for supposed errors in the rulings of the court.

*S. Emerson,* for the plaintiff.

*Hobbs, Sanborn,* and *J. Eastman,* for the defendant.

Severance *v.* Hilton.

PERLEY, J. By the forty-sixth printed rule of practice, " after a witness has been dismissed from the stand, he cannot be recalled without permission of the court upon an application for that purpose." It is thus left to the discretion of the court whether a witness whose examination has been completed shall be recalled, and we see nothing to raise a suspicion that this discretion was, in the present case improvidently exercised.

In an action for verbal slander, the defendant may give evidence of the plaintiff's general bad character, to reduce the damages. *Lamos* v. *Snell*, 6 N. H. Rep. 413.

But in this case the defendant did not introduce such evidence. The angry conversation between the parties may have had a bearing on other parts of the case, but it was not admissible to impeach the plaintiff's character. Where the defendant has not attacked the plaintiff's general character in evidence, the plaintiff cannot introduce proof of his good character to rebut a justification, nor to rebut the plaintiff's proof that the words laid in the declaration were spoken by the defendant. *Matthews* v. *Huntley*, 9 N. H. Rep. 146 ; *Bamfield* v. *Massey*, 1 Camp. 460.

*The exceptions must be overruled.*

NOTE. The verdict was set aside, on évidence that improper conversations were held before some of the jurors, and that one of the jurors had, before the time, formed and expressed an opinion on the merits of the cause.