ISRAEL R. BRAY *vs.* PEMBROKE S. MARSH.

Franklin.    Opinion December 14, 1883.

*Promissory notes.    Guaranty.    Waiver of demand and notice.*

M sold and delivered to B, before it was due, the promissory note of H, payable to K, (but which had never been endorsed by K), and at the time of the delivery M endorsed it "holden without demand or notice." H was solvent at the time of the maturity of the note and for about three years thereafter when he became utterly insolvent. In the meantime M made one or more

requests of B to collect the note of the maker. In a suit afterwards brought by B against M to recover the amount of the note, *Held;*

    1. That M was a guarantor.

    2. That by the terms of his endorsement he waived a demand and notice.

    3. That he was liable to B for the amount of the note.

ON REPORT.

Assumpsit for the amount of the following note :

"$122.50.    Canton, Maine, January 10, 1877.    Six months from date for value received I promise to pay to the order of Frank E. Kidder, one hundred twenty-two and fifty one-hundredths dollars and interest.          Otis Hayford."

On the back is written the following :

"Holden without demand or notice.    P. S. Marsh."

The writ was dated August 27, 1880.

The case was withdrawn from the jury and reported to the law court with power to draw inferences as a jury might and render judgment according to the legal rights of the parties.

The opinion states the material facts.

*S. Clifford Belcher*, for the plaintiff, cited : *Malbon* v. *South-ard*, 36 Maine, 147 ; *Colburn* v. *Averill*, 30 Maine, 310 ; *Irish* v. *Cutter*, 31 Maine, 536 ; *Cobb* v. *Little*, 2 Maine, 261 ; *Brown* v. *Curtiss*, 2 N. Y. (2 Comst.) 225.

*H. L. Whitcomb*, for the defendant.

The sale and delivery of the note with the written endorsement made the defendant a guarantor, no more nor less.

It is true the defendant endorsed it " holden without demand or notice." He waived nothing then because the law does not entitle him to a demand or notice, had he not waived it, as appears by the whole current of decisions. The defendant waived notice and demand. The law says he is not entitled to either, so he waived nothing.

The plaintiff was bound to use due diligence in collecting the note, and notify the defendant within a reasonable time after its maturity of its dishonor. *Parkman* v. *Brewster*, 15 Gray, 271 ; *Marsh* v. *Day*, 18 Pick. 321.

Sixty days was an unreasonable delay after maturity before calling on the maker to pay.

The case does not show to whom the defendant undertook to guarantee the note. *Bichard* v. *Bartlett*, 14 Mass. 279, seems to be exactly in point.

DANFORTH, J. From the report in this case it appears that the defendant assuming to be the owner of a negotiable promissory note payable to Frank E. Kidder, but not indorsed by the payee, sold and delivered it to the plaintiff with the indorsement upon the back : " Holden without demand or notice, " which was signed by him as a part of the contract of sale, and upon this contract the action is brought. This sale and indorsement was after the original delivery of the note and before it became payable. The maker of the note was in good credit at its maturity and remained so for about three years thereafter when he became utterly insolvent. In the meantime the defendant made of the plaintiff one or more requests that he would collect the note of the maker, which he neglected to do, though he made a demand upon the maker for the payment as he says within sixty days after maturity, as the letter of the maker shows in less than thirty days.

The defence is put upon two grounds. First, that the case does not show to whom the defendant undertook to guarantee the note ; and second, the negligence of the plaintiff in not collecting of the maker when he might have done so.

To sustain the first objection the case of *Bichard* v. *Bartlett*, 14 Mass. 279, is relied upon. It is true in this case as in that it does not appear how or for what purpose the defendant obtained the note. But in *Bichard* v. *Bartlett*, the court say " the statement of facts does not show with whom the contract was made, and upon that omission the decision was founded and statement was discharged that the defect might be remedied if the evidence could be produced. In this case the evidence has been produced and shows beyond a doubt that the defendant was either the actual owner of the note, or is estopped to deny his ownership and that his contract was with the plaintiff and

for a consideration moving from him. Thus upon this point *Bichard* v. *Bartlett,* is an authority for sustaining the action.

The second objection founded upon the alleged negligence of the plaintiff must depend upon the terms of the contract, which so far as is important to this point, is in writing and from the meaning of the parties as gathered from that writing we are to ascertain the force of the contract.

In this case it is claimed that the contract is that of guaranty, that a guarantor is not entitled to a demand and notice, and for that reason the written words are without meaning or effect. Were this so, the plaintiff must recover, for the only complaint is that of delay. If the law imposes no duty upon the person receiving the guaranty to demand payment of the maker of the note or give notice of default, then a delay or omission even to do so, cannot be a negligence of which the guarantor can complain. No case has been cited and as we believe none can be, in which it has been held that in order to make a guaranty of an existing debt absolute it is necessary to take any steps other than to make the demand and give seasonable notice. This is sufficient to enable the guarantor to protect himself, which is all that is required. It is no part of the plaintiff's duty to commence an action upon the note, certainly not unless he is indemnified for his costs. Besides in this case he could not have sustained an action in his own name, nor does it appear that he had any right to use that of the payee.

It is undoubtedly true, that, as the defendant was not a party to the note and put his name upon it subsequent to its inception, he was not an indorser but rather a guarantor. *Irish* v. *Cutter,* 31 Maine, 536. Whatever may have been the early authorities, it must now be considered as well settled that a simple contract of guaranty without conditions or restrictions, requires a demand and notice. Story on Prom. Notes, § 468 ; 3 Kent's Com. 124 (12 ed.) ; *Bickford* v. *Gibbs,* 8 Cush. 156 ; *Wildes* v. *Savage,* 1 Story's R. 22. By these and other authorities it appears that if the demand and notice are seasonable nothing further is necessary to lay the foundation of an action against the guarantor.

As a guaranty is a contract it is competent for the parties to impose such restraints and liabilities as they see fit. They may waive any conditions imposed by law, or may impose others. They may make them absolute or conditional.

Had the defendant been an indorser, the words used are so common, and have so frequently received a judicial construction, that no question could be raised as to their meaning or effect. The contract of guaranty, though not the same in respect to demand and notice, is similar to that of indorsement. The only difference is, that it is less restricted, inasmuch as in the former it is seasonable if in time to protect the guarantor against the insolvency of his principal. It would seem to be self-evident that a waiver in one case should have the same effect as in the other, and that the words used here are equally apt to effect that waiver, and render the liability absolute as in the case of an indorsement. It was so held in *Bickford* v. *Gibbs, supra.* In *Cobb* v. *Little*, 2 Maine, 261, it was decided that language much less direct made the liability absolute, and an original undertaking. In *Bean* v. *Arnold*, 16 Maine, 251, the word "holden" attached to the name was held sufficient to render the guaranty unconditional. To the same effect are *Blanchard* v. *Wood*, 26 Maine, 358, and *Irish* v. *Cutter supra.*

*Defendant defaulted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.