Hillsborough
No. 7175

STATE OF NEW HAMPSHIRE

v.

GEORGE B. GILBERT

November 28, 1975

*Warren B. Rudman,* attorney general, and *James L. Kruse,* assistant attorney general *(Mr. Kruse* orally), for the State.

*Kfoury & Williams (Mr. Joseph E. Williams* orally) for the defendant.

DUNCAN, J. The defendant was convicted by jury of conspiring in December 1972 to transport into the State a controlled drug with intent to sell the same in violation of Laws 1969, ch. 421:1 (now RSA 318-B:26 III (Supp. 1973)). *Cf.* RSA 625:4 I (c); RSA 629:3 effective Nov. 1, 1973. At the

close of the state's evidence the defendant moved to dismiss for failure to establish a prima facie case. Subsequently, he moved to set aside the verdict on the same ground. The motions were denied subject to exception and the questions of law presented by defendant's exceptions were reserved and transferred by *Keller*, C.J.

It is the defendant's contention that the evidence will not support a finding of guilt beyond a reasonable doubt. On review, the evidence must be considered "in the light most favorable to the State with all reasonable inferences therefrom." *State v. Canney*, 112 N.H. 301, 303, 294 A.2d 382, 383 (1972).

The state's evidence concerning the transaction in question came primarily from the witness Rousseau. In November 1972, the defendant and the witness Rousseau, at the defendant's suggestion, planned a trip to California in the following month. The defendant had been there twice within a period of a month or two. According to Rousseau the trip was to be a vacation, and he (Rousseau) took $1,700 in savings with him, and three suitcases, only one of which contained clothing. The two traveled together by plane from Boston to San Diego and shared various expenses, including the cost of a hotel room for the period of their stay of some seven days. About five days after their arrival Rousseau purchased a quantity of marijuana: four "bricks" costing $90 and estimated to bring $300 apiece "on the street" in Manchester, New Hampshire. The defendant was present when Rousseau purchased the marijuana although Rousseau testified that the defendant did not supply any of the money used in the purchase. Together the defendant and Rousseau returned to New Hampshire with the marijuana in one of the suitcases belonging to Rousseau. En route to New Hampshire they discussed the saleability of the marijuana and, as Rousseau put it, "how much *we* paid for it, and that". Rousseau further testified that he told the defendant that he had spent a lot of money and had to make the money he had "lost", and that the defendant told him he would "make it, easy". He also testified that the defendant offered to purchase an unspecified amount of marijuana, but that he told the defendant, "I don't know, right away". When they returned to Manchester the drugs were seized by the police before they were removed from the suitcase.

It must be borne in mind that the defendant was not charged

with the substantive crime of transportation with intent to sell, but rather with the crime of conspiracy to do so. Nor was he charged with aiding or abetting the substantive crime. *See* RSA 626:8 then RSA 590-A:2-7; *State v. Morin,* 111 N.H. 113, 115, 276 A.2d 476, 477 (1971).

The defendant was convicted of conspiracy, largely on the basis of circumstantial evidence, which is not uncommon where this offense is charged. Its very essence is "secrecy and concealment" *(Blumenthal v. United States,* 332 U.S. 539, 557 (1947)), and the State was entitled to "rely on inferences drawn from the course of conduct of the alleged conspirators". *Interstate Circuit, Inc. v. United States,* 306 U.S. 208, 221 (1939); *see United States v. Cole,* 365 F.2d 57 (7th Cir. 1966); *People v. Moran,* 166 Cal. App. 2d 410, 333 P.2d 243 (1958). Since direct evidence of a conspiracy is often difficult to obtain, the existence of a conspiracy·frequently must be proved, if at all, by attendant circumstances. *United States v. Garelle,* 438 F.2d 366 (2d Cir. 1970).

It is well settled in this State that a criminal conviction can be based on circumstantial evidence *(State v. Amero,* 106 N.H. 134, 207 A.2d 440 (1965); *State v. Davis,* 108 N.H. 45, 226 A.2d 873 (1967)), where "all of the factors and circumstances" in evidence are sufficient for a reasonable juror, properly instructed, to find guilt beyond a reasonable doubt. *State v. Greely,* 115 N.H. 461, 468, 344 A.2d 12, 17 (1975); *Barnes v. United States,* 412 U.S. 837 (1973). To establish a prima facie case of conspiracy, the State is not required to demonstrate an explicit agreement among the conspirators. A tacit understanding between the parties to cooperate in an illegal course of conduct will warrant a conviction for conspiracy. *Direct Sales Co. v. United States,* 319 U.S. 703, 714 (1943); *William Goldman Theatres, Inc. v. Loew's, Inc.,* 150 F.2d 738, 743 (3rd Cir. 1945).

In the case at bar there was ample evidence that the trip was a mutual undertaking suggested by the defendant; he and Rousseau planned it together, travelled together, and shared expenses. There was uncontroverted evidence that the defendant was present when the marijuana was purchased in California, and on the return trip, according to Rousseau, discussed "what we paid for it". The defendant was not as detached from the illegal transaction as was the defendant in *United States v. Falcone,* 109 F.2d 579 (2d Cir. 1940), relied

upon by the defendant. A finding that the defendant sponsored the expedition and participated in the transaction could reasonably be made. On all the evidence and the reasonable inferences which could be drawn therefrom, the jury could find beyond a reasonable doubt that the defendant conspired with Rousseau to transport the controlled drug with intent to sell it in this State. *State v. Greely,* 115 N.H. 461, 344 A.2d 12 (1975); *State v. Nickerson,* 114 N.H. 47, 314 A.2d 648 (1974); *Barnes v. United States,* 412 U.S. 837 (1973).

*Defendant's exceptions overruled.*

All concurred.