Rockingham
No. 78-274

THE STATE OF NEW HAMPSHIRE

v.

JERRY A. BOONE

August 17, 1979

*Thomas D. Rath*, attorney general (*David L. Harrigan*, attorney, orally), for the State.

*Holland & Aivalikles*, of Nashua (*William E. Aivalikles* orally), for the defendant.

LAMPRON, C.J.   The defendant was indicted for "the crime of aggravated felonious sexual assault [RSA 632-A:2 I (Supp.)] in that he purposely engaged in sexual penetration with C. . . . M. . . . [the prosecutrix], a female not his spouse, against her will and by the actual application of superior physical strength." He was tried before a jury and found guilty of the offense as charged. *Mullavey*, J., transferred the defendant's exceptions and all questions of law raised by them.

The case presents two specific issues of criminal procedure and thus does not demand a detailed recounting of the underlying facts. The issues are first, whether the trial court erred in denying the defendant's motion for dismissal of the indictment made at the close of the State's case-in-chief; and second, whether the court erred in refusing the defendant's request for a jury instruction on the lesser offense of "simple assault," RSA 631:1. We hold that the trial court correctly denied both requests.

The record discloses that the prosecutrix was introduced to the defendant by a mutual friend on October 10, 1977. On that same date,

the three went in the defendant's automobile to a party in the city of Manchester. Sometime after ten o'clock that evening, the three left the party and drove south to the friend's home in Chester. The defendant and the prosecutrix left the friend at his home in Chester, and decided to search for another party. Instead of taking the prosecutrix to a party, however, the defendant drove to a deserted parking lot and allegedly raped her. At one point, the defendant also inserted at least a portion of his hand in the prosecutrix's vagina. According to the prosecutrix, none of the sexual contact was had with her consent. After reporting the incident later that evening to the police, the prosecutrix was taken to a doctor's office and then to a hospital for surgery. As a result of the alleged sexual assault, she suffered massive bleeding and extensive internal lacerations.

■ The defendant's first contention is that the trial court improperly denied his motion for dismissal of the indictment against him. He argues that because the indictment alleged that the prosecutrix was not his spouse, the State, at trial, had the burden of proving that fact as an element of the crime. As an initial matter, we agree that the State had the burden of proving that the victim was not the defendant's spouse. *See* RSA 632-A:5 (Supp. 1977). We do not agree, however, that the State's burden of proof was related to the language of the indictment. For example, averments in an indictment that are in excess of those required by the statute defining the offense may be treated as superfluous, and thus do not necessarily control the State's burden of proof. *State v. Webster*, 39 N.H. 96 (1859). In the present case, the State had to prove that the victim was not the defendant's spouse because the statute itself requires such proof. *See* RSA 625:10; :11 III(c); RSA 632-A:5 (Supp. 1977).

We cannot agree with the defendant, however, that the State failed to introduce sufficient evidence to prove that the victim was not his spouse. During the defendant's cross-examination of the prosecutrix, the prosecutrix testified that the date of the incident was "[t]he first time" she had met the defendant. In addition, State Trooper James Linehan, who spoke with the prosecutrix on the night of the incident, testified without objection that the prosecutrix had at that time told him that "she had just met [the defendant] that night."

■ Giving the State the benefit of all reasonable inferences, we hold that there was ample evidence presented from which a reasonable jury could find beyond a reasonable doubt that the prosecutrix was not the spouse of the defendant. *See State v. Dupuy*, 118 N.H. 848, 850, 395 A.2d 851, 852 (1978); *State v. Breest*, 116 N.H.

734, 741, 367 A.2d 1320, 1326 (1976). The evidence, although circumstantial, was sufficient to take the State's case beyond a motion for dismissal. *State v. Noel,* 119 N.H. 522, 404 A.2d 290 (1979); *State v. Gilbert,* 115 N.H. 665, 667, 348 A.2d 713, 715 (1975), and the motion was therefore properly denied.

The defendant's second contention is that the trial court erred in refusing to instruct the jury on the offense of simple assault, RSA 631:1. He argues on the basis of the statutory language and of the evidence at trial that the requested instruction should have been given as an instruction on a "lesser-included offense." We disagree.

It is well settled that "[t]o be entitled to the instruction ... [1] the lesser offense must necessarily be included in the greater and [2] the evidence must justify a finding of guilt of the lesser offense." *State v. O'Brien,* 114 N.H. 233, 235–36, 317 A.2d 783, 784 (1974); *accord, Sansone v. United States,* 380 U.S. 343 (1965). *See also Nichols v. Helgemoe,* 117 N.H. 57, 60, 369 A.2d 614, 617 (1977); *State v. King,* 105 N.H. 47, 192 A.2d 603 (1963). If these two prerequisites are met, then such an instruction "should be freely given where counsel requests it and it is compatible with the evidence at the trial." *State v. O'Brien,* 114 N.H. at 235, 317 A.2d at 784; *United States v. Sinclair,* 444 F.2d 888 (D.C. Cir. 1971).

The defendant argues that simple assault, RSA 631:1, is a lesser-included offense to aggravated felonious sexual assault. We need not decide this issue, for even assuming that it is, an instruction on the alleged lesser-included offense would not have been compatible with the evidence. Therefore, the second prerequisite to the desired instruction was not met.

The principal noncommon element between the two offenses is sexual penetration. *Compare* RSA 632-A:2 I (Supp. 1977) *with* RSA 631:1. Sexual penetration, however, was admitted by the defendant. The principal noncommon element between the offenses being uncontested, the defendant failed to furnish the necessary rational basis for the requested instruction. *State v. O'Brien,* 114 N.H. at 236, 317 A.2d at 785. The "defendant's testimony is completely exculpatory and, if believed, could only lead to acquittal." *United States v. Sinclair,* 444 F.2d at 890; *see State v. Howland,* 119 N.H. 413, 402 A.2d 188 (1979). This being the case, "there was no evidence apart from the sexual assault evidence which would warrant a conviction for simple assault." 4 C. TORCIA, WHARTON'S CRIMINAL PROCEDURE § 545, at 31 (12th ed. 1974). The defendant could be guilty of the greater, but not of the lesser, offense and the court therefore committed no error in not

598

giving the requested instruction. *State v. Bacon*, 114 N.H. 306, 310, 319 A.2d 636, 639 (1974); *United States v. Sinclair*, 444 F.2d at 890.

*Exceptions overruled.*

All concurred.