Denise M. TERLALIS

v.

TRULL NURSING HOME, INC. and Commercial Union Assurance Company.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1982.

Decided Jan. 12, 1982.

John M. Callaway (orally), West Rockport, for plaintiff.

James W. Strong (orally), Rockland, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

Robert E. Brickates (orally), Biddeford, for plaintiff.

**1300**

Norman & Hanson, Stephen W. Moriarty (orally), John M. Wallach, Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

MEMORANDUM OF DECISION.

The employee in this worker's compensation case appeals from a pro forma decree of the Superior Court, York County, affirming the decision of the Worker's Compensation Commission denying the petition for an award of benefits.

We deny the appeal.

We note initially that the employee failed to request findings of fact by filing a motion with the Commissioner within ten days after notice of the decision as authorized by 39 M.R.S.A. § 99 (1978). Therefore, unless the record discloses no reasonable basis for sustaining the decision, we must affirm, resolving all issues of fact in favor of the Commissioner's decision. *Sutherland v. Pepsi-Cola Bottling Co.*, Me., 402 A.2d 50, 52 (1979). *See also Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512 (1980).

Petitioner claimed to have injured her back while performing her duties as a nurse's aide at Trull Nursing Home. The Commissioner found that if an injury ever actually occurred, it did not occur while petitioner was at work. Although he did not make any findings on the issue of plaintiff's credibility, it is apparent from the record that the Commissioner simply did not believe petitioner's allegations. He could have reasonably based this decision on the following facts: (1) petitioner originally reported that the injury occurred on October 30, 1978, but after she was told that she had not worked on October 30, she claimed that the injury occurred on October 31; (2) petitioner did not tell the examining physician that this was a work-related injury; (3) petitioner's version of the facts did not correspond to records establishing which floor of the nursing home she was assigned to on October 31.

Since there was evidence on the record to support the Commissioner's decision, we find no error in the denial of compensation benefits.

The entry is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for her counsel fees plus her reasonable out-of-pocket expenses for this appeal.

All concurring.