Sullivan
No. 83-139

THE STATE OF NEW HAMPSHIRE

v.

KENNETH G. HOLT

April 6, 1984

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BROCK, J.  The defendant, Kenneth G. Holt, was convicted by a jury on an indictment charging conspiracy to commit arson, RSA 629:3, and was sentenced by the Superior Court (*Johnson*, J.) to a term of one and one-half to three years in the State prison. The sole issue on appeal is whether the evidence presented at trial was sufficient to prove all the elements of the offense charged beyond a reasonable doubt. We affirm.

From the evidence presented at trial, the jury could have found the following facts:

The defendant's home was damaged by fire on April 24, 1981. Four months earlier, he had been divorced from his wife. Mrs. Holt had then moved out of the house, title to which was eventually given to the defendant.

In the months following the divorce, the condition of the house deteriorated rapidly due to neglect and increased use by the defendant and by a family the defendant took in briefly as tenants. The defendant quit his job in February, 1981, and had no regular income from that time until the time of the fire. By April 24, 1981, he was two months behind in his mortgage payments, his telephone service had been disconnected for nonpayment of bills, and he was for most purposes residing at the home of Al Lawrence, a garage owner for whom the defendant worked irregularly as a mechanic. In March 1981, despite his financial difficulties, the defendant purchased fire insurance on his house, garage, and contents for a total coverage of $66,000. His ex-wife had no interest in the policy.

The defendant's nephew Mark Derosier also lived in Al Lawrence's house, as did Ann Dickens. Two or three weeks before the

fire, Ann Dickens heard a conversation involving the defendant, Derosier and others, in which someone, probably the defendant, said: "We ought to burn the house down for the fire insurance." On the day of the fire, Al Lawrence heard a conversation between the defendant and Derosier to the effect that "somebody was going to burn the house."

Shortly after that conversation, Lawrence and Derosier went to the defendant's house, ostensibly to get a jar of spaghetti sauce for dinner. Derosier entered the house alone and returned within a few minutes carrying a jar of spaghetti sauce. The two then drove to a nearby house and picked up two friends whom they had invited to join them for dinner, telling them to hurry. Within fifteen minutes of the time Lawrence and Derosier had left the defendant's house, Lawrence saw fire trucks responding to the fire which is the subject of this case. Expert testimony indicated that the fire was intentionally set and was driven by a liquid accelerant.

At trial, the State's evidence must be sufficient to prove every element of the offense charged beyond a reasonable doubt. *State v. Bartlett*, 43 N.H. 224, 230 (1861), *overruled on other grounds in Novosel v. Helgemoe*, 118 N.H. 115, 127, 384 A.2d 124, 131 (1978); *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). But "[o]n review, the evidence must be considered 'in the light most favorable to the State with all reasonable inferences therefrom.'" *State v. Gilbert*, 115 N.H. 665, 666, 348 A.2d 713, 714 (1975) (quoting *State v. Canney*, 112 N.H. 301, 303, 294 A.2d 382, 383 (1972)). We will then deem the evidence insufficient only "if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *State v. Martin*, 121 N.H. 1032, 1034, 437 A.2d 308, 309 (1981) (quoting *Jackson v. Virginia, supra* at 324).

In this case, the State had the burden of proving that the defendant agreed with one or more persons to burn his house for the purpose of collecting insurance, and that some overt act was committed by one of the conspirators in furtherance of the conspiracy. RSA 629:3, I; RSA 634:1, I; RSA 634:1, III(a). The State presented persuasive circumstantial evidence supporting these allegations. Testimony regarding the two conversations between the defendant and Mark Derosier constituted *direct* evidence that an agreement existed between them to burn the house for the purpose of collecting insurance.

Those conversations, combined with evidence of the deteriorating condition of the defendant's house, his financial difficulties, his taking up residence at Al Lawrence's house, and his purchase of

fire insurance one month before the fire, were sufficient to prove an agreement to commit arson and a purpose to collect insurance. The evidence of an agreement in this case was far stronger than the circumstantial evidence held sufficient to support a conviction in *State v. Gilbert, supra* at 667–68, 348 A.2d at 714–15. *See also State v. Theodore*, 118 N.H. 548, 392 A.2d 122 (1978).

The evidence of an overt act, while all circumstantial, was also sufficient. The evidence of an agreement between Derosier and the defendant, together with the proximity in time between Derosier's visit to the house and the outbreak of the fire, and the expert testimony indicating that the fire was of incendiary origin, could persuade a rational trier of fact that Derosier had set fire to the house pursuant to the agreement. *See State v. Sheetz*, 46 N.C. App. 641, 653–54, 265 S.E.2d 914, 922 (1980).

*Affirmed.*

All concurred.