Hillsborough
No. 85-024

THE STATE OF NEW HAMPSHIRE

v.

FRANK BEMIS

December 5, 1985

*Stephen E. Merrill*, attorney general (*T. David Plourde*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.    The defendant appeals his conviction in the Superior Court (*Wyman*, J.) on the charge of tampering with witnesses and informants, RSA 641:5. The sole issue on appeal is whether there was sufficient evidence for the jury to find, beyond a reasonable doubt, that the defendant assaulted Michael Marquis in an attempt to induce Marquis to withhold testimony in the defendant's burglary prosecution. We affirm.

The relevant provisions of RSA 641:5 state that "a person is guilty of a class B felony if . . . believing that an official proceeding . . . or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to . . . withhold any testimony, information, document or thing."

The facts of this case relating to the witness tampering charge are disputed, but the background is clear. The defendant and Marquis committed a burglary in Manchester in which jewelry valued at approximately ten thousand dollars was stolen. The police suspected Marquis, who was 16 years old at the time of the burglary, and brought him in for questioning. Upon learning that someone else was involved, the police told Marquis that the charges against him would be dropped in exchange for evidence to convict the other per-petrator, the defendant herein. Marquis then implicated the defend-ant, against whom charges were later brought.

About one year after the burglary, the defendant, who had heard that Marquis might testify against him, met Marquis on the street in Manchester. Words were exchanged between the two, after which the defendant assaulted Marquis by punching him and kneeing him in the face.

The testimony pertaining to the events preceding the assault is contradictory. The defendant alleges that Marquis "got wise" and stated that he could put the defendant "away for so long until they have to pump daylight into you"; Marquis alleges that he merely stated that the police had not charged him with any offense and that he did not know if he would be testifying against the defendant. In addition, Marquis stated that after the assault the defendant threatened to break Marquis's arm if he testified. The defendant disputes this testimony, and stated that he assaulted Marquis in a moment of anger.

The defendant and Marquis do not dispute the fact that before they committed the burglary, Marquis had agreed to take "the rap" if charges were brought because Marquis was a juvenile at the time and probably would not have received a prison sentence for commit-ting the burglary.

■■ We have often stated that in reviewing the sufficiency of evidence which led to a conviction the evidence must be considered "'in the light most favorable to the State with all reasonable infer-ences therefrom.'" *State v. Holt*, 124 N.H. 645, 647, 474 A.2d 1031, 1033 (1984) (quoting *State v. Gilbert*, 115 N.H. 665, 666, 348 A.2d 713, 714 (1975)). We will deem the evidence insufficient only if "'no rational trier of fact could have found proof of guilt beyond a rea-

sonable doubt.'" *Id.* (quoting *State v. Martin,* 121 N.H. 1032, 1034, 437 A.2d 308, 309 (1981)).

■ In addressing the burden of proof in criminal cases, we have said that "[t]he State need not prove each evidentiary fact beyond a reasonable doubt, but, rather, '[t]he decisive issue is whether on all the evidence, guilt has been established beyond a reasonable doubt.'" *State v. Stauff,* 126 N.H. 186, 189, 489 A.2d 140, 142 (1985) (quoting *State v. Palumbo,* 113 N.H. 329, 330, 306 A.2d 793, 795 (1973)).

In this case, we cannot say that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. The defendant knew that Marquis might testify against him, and it was the province of the jury to decide whether the assault and the alleged threat after the assault provided sufficient evidence of the defendant's intent to influence the witness's testimony. Whether the defendant acted in anger, or with the intent to attempt to induce the witness to withhold testimony, or both, are issues for the trier of fact. Moreover, the credibility of the witnesses is for the jury to consider.

The defendant argues that the altercation occurred during a chance meeting in a public place, that a non-threatening conversation preceded the attack, and that Marquis did not call out for help. Moreover, the defendant implies that, given the fact that one year passed between the burglary and the assault, he would have acted sooner if he had wanted to coerce Marquis to withhold testimony. These are additional factors bearing on the issue of guilt, but it is clear that the jury did not accept this line of reasoning. Thus, as a matter of law, we will not alter the jury's findings based on these facts.

The defendant relies in part on *People v. Nix,* 476 N.E.2d 797 (Ill. App. Ct. 1985) in arguing that the evidence of intent was insufficient. In that case, which involved the offense of harassment of a witness, the court found that the defendant's statements were innocuous, that the encounter occurred by chance, that it occurred in a public place, and that the witness at no time called out for help. *Nix, supra* at 799. We distinguish the present case from *Nix* on two grounds. First, *Nix* involved a less serious altercation between the defendant and the witness (*Nix* was acquitted on charges of battery and aggravated battery). Second, there was no testimony similar to that of the alleged threat to break Marquis's arm. This testimony, together with the other evidence presented, was sufficient to support a finding of guilt.

■ The defendant's final contention is that the judge, in his instructions to the jury, "particularized the indictment as to the

proof required for conviction," and "said nothing about proof of 'threatening to break his arm.'" Since defense counsel failed to object to the jury instructions when they were given, this contention is not properly before us. *State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982). *Cf.* SUPER. CT. R. 77-A. Even if it were, we find that the judge's instructions were sufficient. He clearly stated the charge, *i.e.*, whether "the defendant purposely attempted to induce Michael Marquis to withhold his testimony at an upcoming burglary trial by punching him in the face and threatening to break his arm," and then stated that "the issue for you to decide is whether or not that element of the charge against the defendant has been proven to you from the evidence in this case beyond a reasonable doubt." The instructions, therefore, were proper.

We conclude that on the basis of the evidence presented a rational trier of fact could find the defendant guilty of the charged offense, and we affirm.

*Affirmed.*

All concurred.