Hillsborough
No. 85-125

THE STATE OF NEW HAMPSHIRE

v.

GEORGE LACOURSE

March 3, 1986

738

*Stephen E. Merrill*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief, and *Tina Schneider*, assistant attorney general, orally), for the State.

*James A. Connor*, of Manchester, by brief and orally, for the defendant.

JOHNSON, J. The defendant appeals from a conviction of two counts of aggravated felonious sexual assault. RSA 632-A:2, XI (Supp. 1983). The defendant challenges the court's denial of access to potentially exculpatory evidence, certain of the trial court's instructions to the jury, the staleness of the complaint, and the inability of the victim to state with specificity the date of the alleged sexual assaults. We remand.

The defendant was indicted on June 11, 1984, on two charges of aggravated felonious sexual assault, which were alleged to have occurred on or between the first and seventh days of June, 1978, involving his daughter who was then eight years old. He moved to compel the State to specify the exact date on which these incidents occurred. The trial court ruled that the State did not have to specify the date because the exact date was not an element of the offense.

The complainant, the defendant's daughter, was fifteen years old at the time of trial. She claims that the defendant had sexual intercourse with her and also performed oral sex on her. The victim was able to relate the date of the sexual assaults to the week prior to her grandfather's death, which had occurred on June 7, 1978. She told no one about the assaults until 1979, when she informed her brother that the defendant had molested her. In 1982, she told her mother that the defendant had been grabbing her breasts and buttocks but did not reveal the sexual assaults which are the subject of these charges. The complainant began keeping a diary in 1983, and she testified that in that diary she noted that she had discussed the molesting with her mother in February, 1983. It was not until February, 1984 that she discussed the sexual assaults in detail with her mother. She reported the assaults to the police in April, 1984. At that time, the defendant and his wife were involved in contested divorce proceedings, and the defendant had moved from New Hampshire to Georgia.

The defendant's appeal raises four errors of law. They are: (1) that the trial court's refusal to allow defense counsel to review or use the complainant's diary for cross examination of the victim was error; (2) that he was denied due process because the charges were brought nearly six years after the incident and were stale; (3) that the court's denial of the instruction that the statute of limitations

would have expired in two months was error; and (4) that the court erred in failing to give an instruction on the "lesser included offense" of contributing to the delinquency of a minor.

The complainant testified that her diary contained only indirect references to the incidents of sexual assault. Although she brought the diary to the prosecutor, he did not attempt to use the diary during the prosecution of the case against the defendant. The Trial Court (*Pappagianis*, J.) sealed the diary and ordered that neither the prosecutor nor anyone else connected with the case be allowed to look at it.

The first issue we address is that of the complainant's diary. We hold that it was error for the court to deny access to or an examination of the diary for potentially exculpatory evidence. "[T]he rule [of discovery] in this State is a flexible one allowing the trial court to determine what matters are discoverable. . . . In exercising its discretion the trial court considers defendant's need for the information and the effect disclosure will have on the prosecution." *State v. Booton*, 114 N.H. 750, 754, 329 A.2d 376, 380 (1974), *cert. denied*, 421 U.S. 919 (1975) (citations omitted).

The defendant is entitled to know of potentially exculpatory evidence possessed by the State. *See Brady v. Maryland*, 373 U.S. 83 (1962). It is unclear to us how the trial judge or the prosecutor in this case could have determined that the diary contained no exculpatory evidence if it was never examined. Accordingly, we remand this case to the trial court with instructions that the trial judge, prosecution and defense counsel examine the diary *in camera* to determine if it contains any exculpatory evidence, or could lead to the discovery of any exculpatory evidence, or could be reasonably used to test the credibility of the complainant. The court shall also allow the diary, under appropriate safeguards, to be subjected to non-destructive scientific testing if there is a possibility that such testing could shed light on the authenticity or the dates of the diary entries.

After this inspection and possible testing, the trial judge shall conduct a hearing to determine if there is a reasonable possibility that the diary contains exculpatory evidence, could lead to exculpatory evidence or could be used by the defendant to test the credibility of the complainant. *See State v. Siel*, 122 N.H. 254, 444 A.2d 499 (1982). If the trial judge finds, beyond a reasonable doubt, that the diary or its contents could not have affected the verdict in the previous trial, then the error which we have found is harmless and the verdict shall stand. *See State v. LaBranche*, 118 N.H. 176,

385 A.2d 108 (1978). If a contrary finding is made by the trial judge, he shall order a new trial.

The hearing which we have ordered shall be conducted in a manner that protects the privacy rights of the complainant to the diary entries and shall prevent the public exposure of any information which is irrelevant or immaterial to the inquiry.

Although we are remanding this case for a possible new trial on the above issue, we shall address the remainder of the defendant's arguments. *State v. Shannon*, 125 N.H. 653, 661, 484 A.2d 1164, 1171 (1984).

 The defendant argues that he was denied due process, since these charges were brought six years after the alleged incident and only two months before the statute of limitations was to have expired. We have stated that "it can be presumed that timely prosecution has commenced if charges are brought within the applicable statute of limitations." *State v. Philibotte*, 123 N.H. 240, 244, 459 A.2d 275, 277 (1983) (citations omitted). We find that the prosecution of this action is timely because the defendant has failed to show actual prejudice as a result of the delay, or that the delay was intentionally employed by the State to gain a tactical advantage. *See United States v. Indelicato*, 611 F.2d 376, 382 (1st Cir. 1979).

 The defendant claims that he was prejudiced because the delay resulted in the complainant's inability to recall the exact date of the sexual assaults and, hence, his inability to present an alibi. However, the trial court ruled that the time period which the complainant did recall was sufficient to allow the defendant to prepare a defense. We agree with the trial court that the complaint was not so stale as to deny due process to the defendant and find no error. "[T]he possibility of prejudice due to the dimming of memories is inherent in any delay and, alone, is insufficient to constitute a denial of due process." *State v. Philibotte, supra* at 244, 459 A.2d at 277.

 Next, the defendant argues that the court's denial of a requested instruction that the statute of limitations would have expired on June 8, 1984, was error. We disagree. It is within the sound discretion of the trial court to determine whether an instruction on a particular issue is necessary to assist the jury in reaching its verdict. *State v. Shannon, supra* at 662, 484 A.2d at 1172. "A trial judge's primary duty in charging the jury is to clarify the issues of the case, and to assist the jury in understanding the questions to be resolved." *Id.* The requested instruction was merely an attempt to have the court, in effect, comment on the defendant's theory of the case, *i.e.*, that this late prosecution was fabricated by the complain-

ant and her mother and was motivated by the divorce proceedings. *See State v. Guaraldi*, 124 N.H. 93, 467 A.2d 233 (1983). We agree with the State that the proposed instruction would not have assisted the jury in assessing the credibility of the witnesses, nor in resolving the issues in the case, and that the trial court properly denied the request.

 Finally, the defendant argues that the trial court erred in failing to give an instruction on the lesser-included offense of contributing to the delinquency of a minor. RSA 169:32 (1977). "The test for whether an offense is a lesser-included offense with respect to an offense charged is whether a person must necessarily have committed that offense in the process of committing the offense charged." *State v. Merski*, 123 N.H. 564, 567, 465 A.2d 491, 493 (1983). Contributing to the delinquency of a minor does not contain the elements of and need not be committed in the process of committing aggravated felonious sexual assault. We hold that the trial court committed no error regarding this issue.

We remand this case to the trial court for proceedings consistent with this opinion.

*Remanded.*

All concurred.