# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2016-0248, State of New Hampshire v. Travis Lewis, the court on May 11, 2017, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Travis Lewis, appeals his conviction of conspiracy to sell a controlled drug, crack cocaine. See RSA 629:3 (2016); RSA 318-B:2, I (Supp. 2016); RSA 318-B:26, I(c) (Supp. 2016). He argues that the Superior Court (Tucker, J.) erred in denying his motion to dismiss at the close of the State's case, and his motion to set aside the verdict, for insufficiency of the evidence.

To prevail upon his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Collyns, 166 N.H. 514, 517 (2014). When the defendant presents evidence after having challenged the sufficiency of the evidence at the close of the State's case, we consider the entirety of the evidence presented. State v. Hill, 163 N.H. 394, 395-96 (2012). Our review is de novo. Collyns, 166 N.H. at 517.

Pursuant to RSA 629:3, "[a] person is guilty of conspiracy if, with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy." RSA 629:3, I. The defendant was convicted of conspiring to commit the sale of a controlled drug. See RSA 318-B:2, I. He argues that the evidence was insufficient to prove that he agreed with a conspirator to commit or cause the commission of that crime.

The record shows that in July 2015, the defendant and his fiancée were living together in Room 106 at the Newport Motel. They had two young children, who were also living with them. On July 8, 2015, Newport police officer Daniels arranged for a confidential informant to purchase crack cocaine from the defendant's fiancée. Newport police officer Gifford was parked across the street from the motel. Gifford observed the defendant, his fiancée, and a small child exit Room 106 and enter a black Dodge Durango vehicle that was parked in front of the room. The defendant entered the driver's seat, and his fiancée entered the front passenger's seat. Five minutes later, they drove 75 to

100 yards to a parking lot across the street from a service center.  The confidential informant, who was waiting nearby, recognized the vehicle as the fiancée's, approached it, and entered the back seat.  The defendant moved a car seat to make room for the informant.  The informant testified that both children were in the back seat.  The informant handed $100 to the fiancée, who handed him two packages of crack cocaine.  Without saying anything, the defendant watched the fiancée count the money.  The defendant then drove the informant to a bridge approximately one quarter of a mile from the parking lot.  After dropping off the informant at the bridge, the defendant drove back to the motel room.

The State's evidence that the defendant agreed with his fiancée to sell drugs or cause the sale was solely circumstantial.  To prevail on a sufficiency of the evidence challenge when the evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt.  State v. Germain, 165 N.H. 350, 361 (2013), modified on other grounds by State v. King, 168 N.H. 340, 345 (2015).  The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded.  Id.  "Thus, we evaluate the evidence in the light most favorable to the State and determine whether the alternative conclusion is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt."  State v. Houghton, 168 N.H. 26, 271 (2015).

"To establish a prima facie case of conspiracy, the State is not required to demonstrate an explicit agreement among the conspirators."  State v. Gilbert, 115 N.H. 665, 667 (1975).  "A tacit understanding between the parties to cooperate in an illegal course of conduct will warrant a conviction for conspiracy."  Id.  "Since direct evidence of a conspiracy is often difficult to obtain, the existence of a conspiracy frequently must be proved, if at all, by attendant circumstances."  Id.  Thus, "the State was entitled to rely on inferences drawn from the course of conduct of the alleged conspirators."  Id. (quotation omitted).

The fiancée testified that, on July 8, 2015, prior to leaving the motel to meet the informant, the defendant "had no clue what was going on," and that she told him only that "somebody owed [her] money."  The fiancée testified that the defendant agreed to give her a ride only because the person who was supposed to give her a ride never showed up.  However, she did not explain why the defendant would agree to drive her and the children 75 to 100 yards from the motel if the only purpose of the trip was to meet someone who owed her money.  The fiancée admitted that she had sold drugs to the informant on three occasions between April and May 2015, and that she had introduced the defendant to the informant in April 2015.  The informant testified that, prior to July 8, 2015, he met the defendant at the motel when the fiancée was present

2

and had spoken with him "[o]nce or twice." Based upon the small size of the living quarters, the jury could reasonably have found that the fiancée could not have taken drugs from the room and brought them into the car without the defendant's knowledge. The jury also could reasonably find that the fiancée would not have asked an innocent person to accompany her during the sale and thereby become a witness to her unlawful conduct.

Based upon this evidence, the jury could reasonably infer that, before leaving the motel on July 8, 2015, the defendant agreed with his fiancée to sell or cause the sale of the drugs. Viewing the evidence in the light most favorable to the State, we cannot conclude that the defendant's alternative hypothesis — that he did not know that the purpose of the trip was to sell drugs — was sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. See Germain, 165 N.H. at 361-62.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**