Grafton
No. 7767

THE STATE OF NEW HAMPSHIRE

v.

GEORGE E. DUNBAR

October 31, 1977

*David M. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general, by brief, for the state.

*Luigi J. Castello* and *Timothy J. Vaughan,* of Woodsville (*Mr. Vaughan* by brief), for the defendant.

PER CURIAM. This is an appeal from a conviction of robbery on May 15, 1976, under RSA 636:1. There was a trial by jury resulting in a verdict of guilty, and the case was reserved and transferred by *Batchelder,* J. The two questions before us are whether the court abused its discretion by denying the defendant's request for voir dire questions directed specifically to the defendant's alleged intoxication as a defense under RSA 626:4, and whether the court rightly denied defendant's motion to suppress evidence of bills obtained from a wallet in possession of the defendant.

We find the court's action in both instances was proper and we overrule the defendant's exceptions.

It appears that the defendant and the complainant Edward Pratte had been drinking together on the morning of May 15,

1976. About one o'clock in the afternoon Pratte, the defendant, and the latter's brother were walking across a trestle over the Connecticut River which connects White River Junction with West Lebanon. Shortly after they reached a point on the trestle on the New Hampshire side, the defendant seized Pratte and threatened to throw him off the trestle, which was some thirty to forty feet above the water, unless Pratte gave him his money. Pratte delivered his wallet, containing $350 in bills, to the defendant, who was arrested later that day. The defendant voluntarily gave the wallet to the police, but insisted that they should not examine the contents without a search warrant.

■■ As to the question raised on voir dire, the defendant claims that the court's discretion is narrower in criminal cases than in civil. This is not so. In both criminal and civil cases, it is firmly established that the court has wide discretion. *Ristaino v. Ross,* 424 U.S. 589, 594 (1976); *State v. Colby,* 116 N.H. 790, 793, 368 A.2d 587, 590 (1976); *Patterson v. Corliss,* 112 N.H. 480, 486, 298 A.2d 586, 590 (1972). This discretion "will not be disturbed unless it is manifestly against the law and the evidence." *State v. Conklin,* 115 N.H. 331, 337, 341 A.2d 770, 775 (1975); *State v. Comery,* 78 N.H. 6, 12, 95 A. 670, 673 (1915). We find no abuse here.

■■ The defendant's contention that, although the arrest was lawful, it was improper to admit evidence of the contents of the wallet without obtaining a search warrant, has no merit. It is well settled that a search incident to such an arrest is reasonable and legal, and it follows that the admission of the contents of the wallet was proper. *United States v. Robinson,* 414 U.S. 218, 224–25 (1973); *United States v. Gardner,* 480 F.2d 929 (10th Cir. 1973). *See also Westberry v. Mullaney,* 406 F. Supp. 407 (D.C. Me. 1976).

An examination of the entire record discloses no error, and the order is

*Exceptions overruled.*