Merrimack
No. 80-102

THE STATE OF NEW HAMPSHIRE

v.

PETER A. MAXFIELD

March 6, 1981

104

*Gregory H. Smith,* acting attorney general (*David L. Harrigan,* assistant attorney general, on the brief and *Paul J. Barbadoro,* attorney, orally), for the State.

*J. P. Nadeau,* of Portsmouth, by brief and orally, for the defendant.

BOIS, J.   Prior to trial on the charges of the unlawful possession of cocaine, RSA 318-B:26 I(b)(1) (Supp. 1979), and of less than one pound of marijuana, RSA 318-B:26 I(b)(2) (Supp. 1979), the defendant moved to suppress certain evidence obtained from a custodial search of his person and a search of his automobile. *Cann,* J., denied this motion and subsequently found the defendant guilty based on the stipulations filed by the defendant. The defendant now appeals the convictions on the ground that the denial of his motion to suppress was error. We find no error and affirm.

On February 18, 1979, a New London police officer arrested the defendant for driving under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1979). Subsequent to the arrest, the officer took the defendant to the police station to process his arrest and to administer a breathalyzer test to determine his blood alcohol content. After the defendant had submitted to the test at the station, the arresting officer conducted a pat-down search of the defendant prior to placing him in a holding cell. During the course of this search, the officer dislodged a film canister from somewhere near the defendant's left boot. When this canister fell to the floor, the defendant reached down and picked it up. Thereupon a struggle ensued in which the officer required the assistance of three other officers to restrain the defendant. Because the defendant continued to refuse to surrender the canister, an officer had to pry it out of his hand.

Contradictory testimony was presented as to how the canister was opened. The arresting officer testified that the canister top

came off and fell to the floor during the scuffle with the defendant; the defendant testified that the top was on the canister when it was pried from his hand. When the inspecting officer looked inside the open canister he saw a single-edged razor blade and a piece of paper which he testified was folded so as to form a pharmacy fold. The paper contained a white powder which subsequent analysis revealed to be cocaine.

Later that day, the arresting officer applied for a warrant to search the defendant's car. The affidavit in support of this application recited the events which led to the discovery of the white powder in the canister and stated that "[r]eliable source of information came from a New Hampshire State Trooper and a Local Police dept. that Peter A. Maxfield was involved with drugs and that the information they had received on him came from a very reliable source." Based on this affidavit, the New London District Court (*Shovan,* J.) issued a warrant to search the defendant's automobile. The search resulted in the discovery of what was later determined to be cocaine and marijuana.

In his brief, the defendant admits that the pat-down search of his clothing at the police station was permissible. He argues, however, that the inspection of the film canister which fell to the floor in the course of the pat-down search was unreasonable and beyond the scope of a permissible custodial search. We disagree with this argument.

■    The record discloses that the police had lawfully arrested the defendant on the underlying charge of driving while intoxicated. Consequently, the warrantless search of the defendant incident to that arrest, during which the canister was seized and searched, was a reasonable intrusion that did not violate the Federal Constitution, *United States v. Edwards,* 415 U.S. 800, 802–03 (1974); *e.g. Michigan v. DeFillippo,* 443 U.S. 31, 35 (1979); *United States v. Robinson,* 414 U.S. 218, 235 (1973); *Gustafson v. Florida,* 414 U.S. 260, 266 (1973), or the New Hampshire Constitution. *State v. Dunbar,* 117 N.H. 904, 905, 379 A.2d 831, 832 (1977); *State v. Schofield,* 114 N.H. 454, 456–57, 322 A.2d 603, 604 (1974); *see State v. Seeley,* 116 N.H. 831, 833–34, 368 A.2d 1171, 1173 (1976).

■■    Furthermore, we also recognize that the police carried out this search pursuant to the department's standard procedure of searching a person who has been validly arrested and who is about to be incarcerated at the station. Accordingly, we hold that the examination of the contents of this canister, even if it was closed

when the police removed it from the defendant, *see State v. Dunbar supra; State v. Charest*, 109 N.H. 201, 204, 247 A.2d 515, 517 (1968), was legal and reasonable because the police have a legitimate interest in protecting the confinement area, the individual to be confined, and their own integrity in the administrative handling of the defendant's personal belongings while he is incarcerated. *South Dakota v. Opperman*, 428 U.S. 364 (1976); *see State v. Dubay*, 313 A.2d 908, 911 (Me. 1974). We further conclude that the governmental interest underlying such an intrusion outweighs the individual's right to privacy in his possessions. *State v. Dubay*, 338 A.2d 797, 798 (Me. 1975). *See generally* 2 W. LAFAVE, SEARCH AND SEIZURE, § 5.5 (a)–(b) (1978); W. RINGEL, SEARCHES & SEIZURES, ARRESTS AND CONFESSIONS, § 12.6(c)–(d) (2d ed. 1979).

■ The defendant also argues that there was no probable cause upon which the magistrate could base the issuance of a warrant to search the defendant's automobile because the application failed to provide the requisite corroboration of the informant's reliability and his basis for the information. *See Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964). Apart from the allegations based on the information obtained from the informer, the application recited the arresting officer's belief that the substance found in the canister was cocaine and set forth the underlying facts which substantially supported this conclusion. Accordingly, we conclude that the observations of the arresting officer and his ability to interpret them were relevant to a determination of probable cause. *United States v. Ortiz*, 422 U.S. 891, 897 (1975). The finding of the cocaine on the defendant's person was some corroboration of the information coming from the informer, and the credibility of the fellow police officer need not be shown. *United States v. Ventresca*, 380 U.S. 102 (1965). The allegations based on the arresting officer's observations set forth in the application, when considered as a whole, sufficiently established probable cause. *State v. Breest*, 116 N.H. 734, 743, 367 A.2d 1320, 1328 (1976).

■ Recognizing "that probable cause to believe that a person is guilty of a crime does not always constitute probable cause to search any property belonging to him," we now consider whether there was a sufficient nexus between the substance found on the defendant and the necessity for searching his automobile. *United States v. Spearman*, 532 F.2d 132, 133 (9th Cir. 1976). We conclude that, because the defendant was awake when the officer arrested

him in his car and because he had the incriminating evidence on his person at the time of arrest, the magistrate could reasonably infer that the defendant had concealed additional contraband in the vehicle immediately prior to his arrest. This was a sufficient nexus upon which the magistrate could have found probable cause to issue the warrant. *See United States v. Ventresca*, 380 U.S. at 108; *United States v. Spearman supra*.

*Affirmed.*

All concurred.