Hillsborough
No. 83-402

# The State of New Hampshire

v.

# Francis S. Cimino

May 28, 1985

*Gregory H. Smith,* attorney general (*Gregory W. Swope,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

*Francis S. Cimino,* by brief, pro se.

SOUTER, J. A jury found the defendant guilty of the class A felony of transporting a controlled drug with intent to dispense it, in violation of RSA 318-B:26, I(a) (2). In this appeal he claims that the Superior Court (*Flynn,* J.) erred in refusing to suppress the evidence of the drugs in question and in refusing to instruct the jury that they could consider the misdemeanor of driving while possessing a controlled drug, in violation of RSA 265:80, as a lesser-included offense. We affirm.

On December 1, 1981, Sergeant Albert Brackett of the Hudson Police Department observed the defendant's car travelling erratically on the highway. The officer stopped the car, administered field sobriety tests, arrested the defendant for driving while under the influence of intoxicating liquor and gave him *Miranda* warnings. At the moment of arrest the door of the defendant's car was open and its motor was still running. Before leaving for the police station the defendant asked the officer to stop the motor and lock the car. When the officer leaned into the car to turn off the motor, he saw on the floor of the driver's side three blue pills, scored for breaking in two. He took the pills and asked the defendant what they were. The defendant answered that he had never seen them before and had no idea where they had come from.

When the officer searched the defendant at the police station, he

found a small notebook. On its pages, and on loose papers inserted among them, there were notations of names, addresses, dates, and telephone and other numbers. Some of the numbers were preceded or followed by "blue" or "blu." The officer testified that his previous experience in drug investigations indicated that such notations were records of drug sales. He asked the defendant about the notations, and the defendant said they were records of work performed by employees under his supervision, using a "military" or 24-hour method of time notation. When the officer asked him what hour "2700" might refer to, the defendant said that number indicated that an employee had been late for work. When asked to explain "975" he said nothing.

The officer prepared an application for a warrant to search the defendant's car for controlled drugs, and supported the application with his affidavit describing the three pills, the contents of the notebook, and how he found them. He showed the notebook and the pills themselves to the district court judge to whom he had presented his application. The judge issued the warrant. In executing it, the police searched the trunk of the defendant's car, where they found forty-eight pounds of blue pills, later identified as the controlled drug, diazepam.

Before trial the defendant moved to suppress the evidence of the drugs seized from the car. He argued that the warrant itself had been issued on the basis of illegally seized evidence consisting of the three pills and the contents of the notebook. The trial judge denied the motion.

At trial, the defendant testified that he had agreed to deliver the bag containing the pills for $500. He asserted, however, that he had no intention of "dealing" in the drugs himself, but had acted merely as a courier. Based on this testimony he requested the trial judge to instruct the jury on the offense of driving a vehicle while possessing a controlled drug, as a lesser-included offense under the principal charge of transporting a controlled drug with intent to dispense it. Although the State did not object to this request, the judge refused to give the lesser-included offense instruction. The jury returned a verdict of guilty.

In his first assignment of error the defendant claims that his conviction rests upon the use of evidence illegally obtained, which the trial court should have suppressed. As a preliminary matter, the record before us does not clearly indicate whether the defendant raised a State as distinct from a federal constitutional claim on this point in the superior court. We therefore take this opportunity to caution defendants to present a clear record if they wish to invoke the rule in *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983),

under which we will consider State claims first, citing decisions of the Supreme Court of the United States and of courts of other jurisdictions solely for their helpfulness in considering the State issues. *See Michigan v. Long*, 103 S. Ct. 3469, 3475–76 (1983). Subject to this caveat, we will proceed to deal independently with the claims under the State Constitution. Since we conclude that federal law is not more favorable to the defendant, we set out no further federal analysis.

Specifically, the defendant argues that the State established probable cause for the issuance of the search warrant by using evidence that had itself been seized in violation of the constitutional protection against unreasonable search and seizure. He asserts that the State had no right to take the three pills from the floor of the car or to examine the contents of the notebook. Since the State used these items of evidence to establish probable cause in support of the warrant to search the car, the defendant argues that the warrant was invalid, as resting on illegally seized evidence.

He thus invokes the doctrine associated with Mr. Justice Frankfurter's phrase, the "fruit of the poisonous tree." *Nardone v. United States*, 308 U.S. 338, 341 (1939). If the evidence in question has been obtained only through the exploitation of an antecedent illegality, it must be suppressed. *State v. Chaisson*, 125 N.H. 810, 814–15, 486 A.2d 297, 301, 304 (1984).

We do not find the poisonous tree doctrine applicable on the facts of this case, however. There was of course no impropriety in the officer's observation of the three pills. He had properly entered the car, indeed at the defendant's request, to stop the motor before locking the car. Thus, the officer was free to observe whatever was apparent to him and to describe his observation to others, including the judge who later issued the warrant.

The defendant does not really dispute this, but argues that the officer could not use the pills themselves, as distinguished from his description of them, because he had no constitutional justification to seize them. This was so, the defendant argues, because the evidentiary character of the pills was not immediately apparent to the officer, who merely suspected that the pills contained a controlled drug. Hence the defendant concludes that the officer was not justified in seizing them under the plain view exception to the warrant requirement of part I, article 19 of the New Hampshire Constitution, as articulated in *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983).

Assuming *arguendo* that the rule in *Ball* did not justify seizure of the three pills, there are two reasons why their seizure and

display to the magistrate did not taint the issuance of the warrant. The first is that the exhibition of the three blue pills to the magistrate added nothing to the verbal description of the pills that the police officer gave and was entitled to give on the basis of his observation. In his affidavit presented to the magistrate the officer described the three pills, which he believed to contain a controlled drug, and explained that he had found them on the floor of the driver's side of the car. This statement told the magistrate all that was then known about the pills. Showing the pills to the magistrate added nothing. Therefore, even if there was error in seizing the pills and in exhibiting them to the magistrate, it was error that added nothing material to what the magistrate otherwise knew and was therefore harmless beyond a reasonable doubt. *See, e.g., State v. Leuthner*, 124 N.H. 638, 642, 474 A.2d 1029, 1031 (1984).

The second reason why the claimed illegality did not taint the warrant is that a warrant based in part on illegally seized evidence is nonetheless valid so long as there was enough other evidence to establish probable cause. *State v. Renfrew*, 122 N.H. 308, 311, 444 A.2d 527, 529 (1982); *see Grimaldi v. United States*, 606 F.2d 332, 336 (1st Cir.), *cert. denied*, 444 U.S. 971 (1979). In this case there is no claim, or reason to believe, that in the absence of the physical exhibition of the pills there was a lack of probable cause, so long as it was proper to use the contents of the notebook to establish probable cause. We turn, then, to this second poisonous tree issue.

The defendant does not claim that there was any violation of State or national constitutional standards in the seizure of the notebook itself. There is abundant case law that upon arrest the police may search an arrested person for valuables, weapons, instruments of escape, and evidence of crime. *State v. Dunbar*, 117 N.H. 904, 905, 379 A.2d 831, 832 (1977); *United States v. Robinson*, 414 U.S. 218 (1973); *cf. State v. Harlow*, 123 N.H. 547, 552, 465 A.2d 1210, 1213 (1983) (state statute authorizes only more limited search if the subject is in protective custody during intoxication or incapacity). A search of like scope is permissible at the time a defendant, like this one, is committed to jail following arrest. *United States v. Edwards*, 415 U.S. 800 (1974); *accord State v. Levesque*, 123 N.H. 52, 455 A.2d 1045 (1983) (inventory search).

The defendant objects only to the police officer's warrantless examination of the hidden contents of the notebook. In assessing the merits of this position we must take care to distinguish between two categories of evidence that may be seized as an incident of an arrest: evidence taken from the defendant's person or "immediately asso-

ciated" with him, and evidence merely within his control. *United States v. Chadwick*, 433 U.S. 1, 14–15, 16 n.10 (1977). Federal law, at least, distinguishes between these two categories in determining the extent of the right of the police to examine the otherwise hidden contents of packages or containers seized as an incident of arrest. *Id. Cf. United States v. Robinson supra.* Whatever the merits of that distinction may be, it is clear that the police need no warrant to examine the otherwise hidden contents of packages taken from the person as an incident of a lawful arrest. *State v. Dunbar supra; accord State v. Levesque supra; United States v. Robinson supra.*

In applying this rule there is no apparent principle for distinguishing between testimonial and non-testimonial contents of otherwise closed packages. Indeed, it would be prolix to cite all the cases applying *Robinson* as authorizing the examination of books and folded papers removed from objects seized from the persons of defendants. *See, e.g., United States v. Castro*, 596 F.2d 674, 677 (5th Cir.), *cert. denied*, 444 U.S. 963 (1979) (paper folded in wallet); *United States v. Smith*, 565 F.2d 292, 294 (4th Cir. 1977) (address book); *United States v. Napolitano*, 552 F. Supp. 465, 482–83 (S.D.N.Y. 1982) (address book); *see also United States v. Frankenberry*, 387 F.2d 337, 339 (2d Cir. 1967) (diary).

█ We therefore hold that the police had constitutional authority to examine the contents of the notebook. Those contents were properly offered to establish probable cause to issue the warrant, and the motion to suppress the drugs was therefore properly denied.

The defendant's remaining assignment of error challenges the trial court's instructions to the jury. The record indicates that the defendant raised no constitutional issue in his exception to the charge. He argues here that the trial court should have given the jury the option to return a verdict on a charge of driving a vehicle while possessing a controlled drug, in violation of RSA 265:80, as a lesser-included offense under the principal charge of transporting a controlled drug with intent to dispense it.

█ In relation to a crime charged, an offense is lesser-included if "a person must necessarily have committed [it] in the process of committing the offense charged." *State v. Merski*, 123 N.H. 564, 567, 465 A.2d 491, 493 (1983). The court should instruct the jury that it has an option to consider a charge of a lesser-included offense if the defendant requests such an instruction and there is "a rational basis for a finding of guilt on the lesser offense rather than the greater offense." *State v. Berry*, 124 N.H. 203, 206, 470 A.2d 881, 883 (1983). When it is the defendant who requests the lesser-included offense instruction, that rational basis will not exist if the defendant has

indicated that he does not contest the uncommon element that distinguishes the greater from the lesser offense. *State v. O'Brien*, 114 N.H. 233, 235–36, 317 A.2d 783, 784–85 (1974). *Cf. State v. Howland*, 119 N.H. 413, 417, 402 A.2d 188, 191 (1979) (no contest rule inapposite when State requests such instruction, since State has burden of proof).

 Applying these rules, the defendant was not entitled to the instruction he requested, for two reasons. First, driving in possession is not a lesser-included offense under transporting with intent to dispense. Under RSA 318-B:26, I(a) (2) the elements of the offense as charged include: (1) transportation, (2) of a controlled drug, (3) with intent to dispense the same. The elements of the offense created by RSA 265:80, include: (1) driving a vehicle, (2) on a way, (3) while possessing, (4) a controlled drug.

As we have seen, a lesser-included offense cannot, by definition, include any elements different from those that constitute the greater offense. *State v. Merski supra*. Yet RSA 265:80 requires proof of two elements different from those required under RSA 318-B:26, I(a) (2): (1) driving a vehicle, and (2) on a way. Proof of neither of these elements is necessary to prove "transportation" under RSA 318-B:26, I(a) (2). Thus, the two offenses do not stand in relation to each other as lesser-included and greater offenses. At most, it is possible that the actual evidence offered to prove the offense as charged would have been sufficient to prove an offense under RSA 265:80, but this does not convert the latter into a lesser-included offense. *State v. Merski, supra* at 567, 465 A.2d at 493.

Even if RSA 265:80 were a lesser-included offense, there would be a second reason for sustaining the trial court's refusal to give the requested instruction: the defendant conceded the existence of what he claimed to be the uncommon element distinguishing the two offenses. The defendant argues that the uncommon element is intent to dispense the drug. RSA 318-B:1, VIII defines "dispense" to include delivery. Yet the defendant conceded that he had agreed to act as a courier, to deliver the drugs. By his own testimony, then, he admitted that he had acted with intent to dispense, and his protests that he had never intended to act as a dealer himself were irrelevant.

On either analysis the trial court was correct in refusing to give the instruction. Since the defendant has demonstrated no error, the judgment of the superior court will be affirmed.

*Affirmed.*

All concurred.