Grafton
No. 84-102

THE STATE OF NEW HAMPSHIRE

v.

HENRY L. FARNSWORTH

June 19, 1985

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*McNamara, Larsen & Schuster P.A.*, of Lebanon (*Mark A. Larsen* on the brief and orally), for the defendant.

DOUGLAS, J. The defendant, Henry L. Farnsworth, appeals his conviction for possession of cocaine in violation of RSA 318-B:2, :26. He argues that the Superior Court (*Johnson*, J.) erred in denying his motion to suppress and in failing to rule on his request for findings of facts and rulings of law. We affirm.

On February 14, 1983, the defendant was stopped by Lebanon Patrolman Randall Chapman on suspicion that the defendant was driving while under the influence of intoxicating liquor. After the defendant failed a series of field sobriety tests, he was arrested for driving while intoxicated. He was frisked for weapons, handcuffed and transported to the Lebanon police station.

Upon arriving at the stationhouse, the defendant's handcuffs were removed and he was searched by the arresting officer. The officer asked the defendant to empty his pockets and to relinquish his wallet. The defendant handed the officer his wallet, after initially refusing to do so, and the officer opened the wallet and examined its contents.

While searching the wallet, the officer observed three pieces of paper folded into packets of the sort he recognized as used to package cocaine. The three folded packets were seized, opened and found to contain cocaine. The defendant was then charged with possession of a narcotic drug and released on his own recognizance.

The defendant filed a motion to suppress the introduction of the cocaine into evidence, arguing that the warrantless search of his wallet violated the warrant requirement of part I, article 19 of the

New Hampshire Constitution and the fourth amendment to the United States Constitution. On July 19, 1983, a suppression hearing was held, at which time the court denied the defendant's motion. In making its ruling, the court made no reference to the defendant's seasonably filed request for findings of fact and rulings of law, but merely stated: "The Court has made the following order on the Motion to Suppress Evidence: Denied; exception noted." After the court's ruling, the defendant agreed to waive his right to a jury trial on the possession charge and informed the court that it could proceed on the evidence presented at the suppression hearing. Thereafter, the defendant was found guilty of possession of cocaine and sentenced to one to three years in the New Hampshire State Prison.

On the same date as the lower court's ruling on the motion to suppress, this court released its decision in *State v. Harlow*, 123 N.H. 547, 465 A.2d 1210 (1983). After his conviction, the defendant filed a motion for reconsideration with the superior court, asking the court to reconsider its ruling on the motion to suppress in light of the *Harlow* decision. The court re-examined its decision, determined that the *Harlow* opinion was not applicable and, by an order dated December 20, 1983, denied the defendant's motion to reconsider. The defendant now appeals his conviction.

The defendant argues that the warrantless search violated both the New Hampshire and the United States Constitutions. N.H. CONST. pt. I, art. 19; U.S. CONST., amend. IV. We begin, as we must, by first making an independent analysis of the protections afforded under the New Hampshire Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only as aids in our analysis, *see Michigan v. Long*, 103 S. Ct. 3469, 3476 (1983). Thereafter, we need address federal constitutional issues only insofar as federal law would provide greater protection. *State v. Ball*, 124 N.H. at 232, 471 A.2d at 351 (1983).

■■■■ Part I, article 19 of the New Hampshire Constitution protects individuals against unreasonable searches and seizures. *State v. Ball*, 124 N.H. at 234, 471 A.2d at 352. It is well settled that "[u]nless a warrantless search falls within one of the few specifically established and well-delineated exceptions [to the warrant requirement], it is *per se* unreasonable. *Id.* The burden is on the State to prove, by a preponderance of the evidence, that a warrantless search was constitutionally permissible. *State v. Theodosopoulos*, 119 N.H. 573, 578, 409 A.2d 1134, 1137 (1979), *cert. denied*, 446 U.S. 983 (1980).

Related to the determination whether the State has sustained its

burden to prove the search was constitutional is the defendant's second argument; namely, the effect of the lower court's failure to rule on his request for findings of fact and rulings of law. The defendant argues that if the court had made the requested rulings, it would have resolved issues regarding the purpose, nature and scope of the search and that, absent those rulings, we cannot affirm the lower court's denial of the motion to suppress. We disagree.

■ Superior Court Rule 72 provides, in part, that "[i]n non-jury cases, . . . all requests for findings and rulings . . . must be submitted to the Presiding Justice no later than the close of the evidence." Although at the time the motion now before us was denied, Rule 72 provided that requests for findings and rulings were to be filed "*at* the close" of the evidence (emphasis added), the rule had been interpreted as requiring that requests for findings and rulings be made either before or at that time. *See Belletete's, Inc. v. Aldrich,* 117 N.H. 780, 781, 378 A.2d 1373, 1374 (1977) (construing Superior Court Rule 67, predecessor to Rule 72). Accordingly, we find to be without merit the State's argument that the defendant's request for findings and rulings, which was filed the day before the motion hearing, was not seasonably filed and thus did not require a ruling.

■■ This court has previously held that "when a request is made, essential findings supporting the decision should be reported, just as essential instructions on the law applicable should be given a jury." *N.H. Savings Bank v. Bank,* 93 N.H. 326, 328, 41 A.2d 760, 761 (1945). Nevertheless, just as a party must timely object and except to the trial court's failure to give certain instructions in order to preserve the issue for appeal, *see State v. Lister,* 122 N.H. 603, 607, 448 A.2d 395, 398 (1982), so too must a defendant timely object and except to the superior court's failure to rule on requests for findings and rulings. *See York v. Misiak,* 95 N.H. 437, 438, 65 A.2d 877, 878 (1949) (requiring parties to object, and to petition trial court for further clarification of the court's order, for this court to consider the effect of the failure to make findings and rulings).

■■ Because of the critical constitutional issues involved in a motion to suppress, the presiding justice must make sufficient findings of fact and rulings of law to permit meaningful appellate review. *Compare* SUPER. CT. R. 72. However, the defendant here did not object or except to the lower court's failure to make the requested findings and rulings, either at the time of the court's original decision or at the time of defendant's motion for reconsideration. In addition, the defendant did not request a clarification of the court's order. Accordingly, the defendant has not preserved the

issue for review and, under these circumstances, we will presume that the trial court made the findings necessary to support its decree. *See Belletete's, Inc. v. Aldrich, supra* at 781, 378 A.2d at 1374.

█ At the hearing on the motion to suppress, the State, in arguing that the challenged search was constitutionally permissible, focused on the arresting officer's compliance with the arrest procedures of the Lebanon Police Department. The departmental regulations are comprehensive, in that they cover everything from the procedure to be followed in effectuating an arrest to the procedure to be followed when the arrested individual is either placed in a cell or released on bail. In essence, however, the State argued that the search was a "custodial search" or a post-arrest detention search. Although a post-arrest detention search is not itself a recognized exception to the warrant requirement, such a search may fall within either the search incident to a lawful arrest exception or the inventory search exception. 2 W. LAFAVE, SEARCH AND SEIZURE, A TREATISE ON THE FOURTH AMENDMENT § 5.3, at 303 (1978); *see, e.g., State v. Cimino*, 126 N.H. 570, 493 A.2d 1197 (1985) (post-arrest detention search upheld as a valid search incident to a lawful arrest); *State v. Levesque*, 123 N.H. 52, 455 A.2d 1045 (1983) (post-arrest detention search upheld as a lawful inventory search). In the instant appeal, the State argues that the post-arrest detention search was permissible as a search incident to a lawful arrest.

As a preliminary matter, we note that the defendant does not challenge the lawfulness of his arrest, and the record makes clear that the arresting officer did, in fact, have probable cause to believe that the defendant was driving while under the influence of intoxicating liquor and, hence, to make the arrest.

█ The defendant first argues that the search of his wallet cannot be justified as a search incident to a lawful arrest, because it was not conducted contemporaneously with his arrest. We disagree.

██ Recently, this court considered whether law enforcement officers had constitutional authority to examine the contents of a notebook the officers found when searching an arrested individual after he was brought to a police station. We determined that "[t]here is abundant case law that upon arrest the police may search an arrested person for valuables, weapons, instruments of escape, and evidence of crime. A search of like scope is permissible at the time a defendant . . . is committed to jail following arrest." *State v. Cimino*, 126 N.H. at 574, 493 A.2d at 1201 (citations omitted); *see also State v. Maxfield*, 121 N.H. 103, 105, 427 A.2d 12, 14 (1981) (post-arrest

detention search constitutionally permissible as a search incident to arrest). Although the instant defendant was not "committed" to jail, he was detained at the stationhouse following his arrest. It is clear that a search that may be made at the time and place of arrest also may be legally conducted when the arrested individual later arrives at a place of detention. *Accord United States v. Edwards*, 415 U.S. 800, 803 (1974).

We also reject the defendant's argument that law enforcement officers must have an independent and constitutional justification for conducting a search of items removed from an individual during a search incident to a lawful arrest that are not connected with the offense for which the individual was arrested.

 It is well settled that in the case of a lawful arrest, law enforcement officers may conduct a full search of the arrested individual. *See State v. Cimino supra* (police may search for valuables, weapons, instruments of escape and evidence of crime); *accord United States v. Robinson*, 414 U.S. 218, 235 (1973) (full search of arrested person is a reasonable search under the fourth amendment). The question here, however, is whether articles removed from an arrested individual, which have no connection with the crime for which the individual was arrested, may be searched without an independent constitutional justification. This issue was resolved in *State v. Cimino supra* where we considered the constitutionality of an examination of the contents of a notebook during a search incident to an arrest for driving while under the influence of intoxicating liquor. In *Cimino* we opined: "[I]t is clear that the police need no warrant to examine the otherwise hidden contents of packages taken from the person as an incident of a lawful arrest." *State v. Cimino*, 126 N.H. at 575, 493 A.2d at 1201; *see also State v. Maxfield*, 121 N.H. at 105, 427 A.2d at 14 (constitutionally permissible to search canister seized during a search incident to an arrest for driving while intoxicated).

 Our decision in *State v. Maxfield supra* disposes of the defendant's argument that the constitution requires a more limited search when an individual is arrested for a traffic violation. In *Maxfield*, the defendant was arrested for driving while under the influence of intoxicating liquor. Thereafter, he was transported to the police station and searched. We held that "the warrantless search of the defendant incident to [the] arrest, during which [a] canister was seized and searched, was a reasonable intrusion that did not violate . . . the New Hampshire Constitution." *Id.* at 105, 427 A.2d at 14 (citations omitted).

In view of the foregoing analysis, we conclude that the search of the defendant at the Lebanon police station, during which his wallet was seized and searched, was permissible as a search incident to a lawful arrest and thus did not violate the warrant requirement of part I, article 19. Because we also conclude that the Federal Constitution provides no greater protection, *see Illinois v. Lafayette*, 462 U.S. 640 (1983), we need not address the defendant's federal constitutional claims. Accordingly, we conclude that the superior court did not err in denying the defendant's motion to suppress.

*Affirmed.*

All concurred.