# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0177, <u>State of New Hampshire v. John Jacobs</u>, the court on December 18, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, John Jacobs, appeals his convictions, following a bench trial, of driving under the influence (DUI), <u>see</u> RSA 265-A:2, I(a) (2014), possession of a controlled drug, <u>see</u> RSA 318-B:2, I (2011); RSA 318-B:26, II(d) (2011), and possession of drugs while driving, <u>see</u> RSA 265-A:43 (2014). He argues that the Circuit Court (<u>Gardner</u>, J.) erred in: (1) not dismissing the DUI charge based upon insufficiency of the evidence; and (2) denying his motion to suppress evidence supporting the drug convictions.

The defendant first argues that the evidence was insufficient to support the DUI conviction. When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. <u>State v. Francis</u>, 167 N.H. 598, 604 (2015). "We review the entire trial record because, even though the defendant is not required to present a case, if he chooses to do so, he takes the chance that evidence presented in his case may assist in proving the State's case." <u>State v. Littlefield</u>, 152 N.H. 331, 350 (2005) (quotation omitted). "The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt." <u>State v. Zubhuza</u>, 166 N.H. 125, 128 (2014) (quotation omitted).

RSA 265-A:2, I(a) provides, in pertinent part: "No person shall drive . . . a vehicle upon any way . . . [w]hile such person is under the influence of intoxicating liquor or . . . drugs." To establish that the defendant was under the influence of intoxicating liquor, the State needed to prove only that he was impaired to any degree. <u>State v. MacDonald</u>, 156 N.H. 803, 804 (2008).

State Trooper Hayden Wilber testified that on April 3, 2014, at approximately five minutes before midnight, he was on the roadway monitoring traffic near the intersection of Woodbury Avenue and Gosling Road in Newington when he observed the defendant's motor vehicle traveling through a gas station

parking lot without its headlights on.  The trooper noticed that the headlights came on just as the vehicle turned right, heading south on Woodbury Avenue. The vehicle then made a U-turn, and proceeded north on Woodbury Avenue.

When the defendant reached the Gosling Road intersection, the traffic light for vehicles proceeding straight through the intersection was green.  The defendant entered a left-turn only lane, controlled by a left arrow traffic light, which was red.  The defendant stopped his vehicle, but he did not activate his left turn signal, nor did he turn left when the left arrow light turned green.  Instead, when the light turned green, he proceeded straight through the intersection and continued on Woodbury Avenue.  When the trooper stopped the defendant for the lane violation, he was "uncooperative right off the bat" and insisted that he had been in the correct lane.

The trooper testified that while standing at the door to the defendant's vehicle, he could smell the odor of an alcoholic beverage coming from inside the car.  The trooper observed that the defendant had bloodshot and glassy eyes. The defendant denied having consumed any alcoholic beverage.  When the trooper asked for his license and registration, the defendant had difficulty retrieving them from the envelope he was using as a wallet.  The trooper asked the defendant to step out of the vehicle, to make sure the defendant could drive safely.  The trooper observed utility knives in the pocket of the driver's door. After the trooper instructed the defendant not to put his hands in his pockets, the defendant did so twice.  The trooper then conducted a pat-down search for weapons.  He testified that he smelled the odors of an alcoholic beverage and burnt marijuana coming from the defendant.

The trooper then administered field sobriety tests, starting with the horizontal gaze nystagmus (HGN) test.  The trooper observed all six clues of impairment on the HGN test.  The trooper next administered the one-leg-stand test, which showed two clues of impairment.  The trooper then asked the defendant to count backwards from 68 to 53.  After reaching 59, the defendant skipped to 48 and then stopped counting.  Based upon his observations of the defendant and the defendant's performance on the field sobriety tests, the trooper formed the opinion that the defendant was impaired by alcohol and possibly marijuana and placed him under arrest.

The defendant testified that he had worked from 11:00 a.m. to 11:00 p.m. that day, with a break for dinner at 6:00 p.m.  He admitted that he had consumed one beer with his meal.  He explained that, during the traffic stop, he denied consuming any alcoholic beverages because he had consumed only one beer five or six hours earlier.  He testified that his eyes were red at the time because he had been working with wood filler and a type of paint that irritated his mucous membranes.  He testified that he did not realize that he was in a left-turn lane at the Gosling Road intersection until after he had entered the lane, so he waited for the left-turn light to turn green before proceeding straight.

2

The defendant argues that the evidence of impairment was insufficient because: he turned his headlights on shortly after entering Woodbury Avenue; his only traffic offense was a lane violation; he never put his foot down during the one-leg-stand test; and he was able to count backwards from 68 to 53 on the second attempt. The defendant does not directly challenge the trooper's administration of the field sobriety tests. However, he asserts that the trooper failed to follow proper police procedures when transporting him in the cruiser after the arrest; thus, he argues, it is proper to infer that the trooper failed to administer the field sobriety tests correctly. We conclude that this issue, which was raised during the trooper's cross-examination, goes to the weight of his testimony, rather than its admissibility. See State v. Cochrane, 153 N.H. 420, 424 (2006). The weight to be given to the testimony was an issue for the trial court to resolve. State v. Oakes, 161 N.H. 270, 276 (2010). When there is conflicting factual testimony, we defer to the trial court's findings unless no reasonable person could have come to the same conclusion. Id. We conclude that, viewing the evidence in the light most favorable to the State, the trial court could have found guilt beyond a reasonable doubt. See Francis, 167 N.H. at 604. Accordingly, we conclude that the court did not err in denying the defendant's motion to dismiss.

The defendant next argues that the trial court erred in denying his motion to suppress a pipe containing burnt marijuana residue, which was obtained from a search of his pockets after the arrest. When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions de novo. Id. at 602. The defendant argues that the trooper's search violated his rights under Part I, Article 19 of the New Hampshire Constitution and the Fourth Amendment to the United States Constitution. We first address the defendant's argument under the State Constitution, State v. Ball, 124 N.H. 226, 231-32 (1983), and rely on federal law only to aid in our analysis, id. at 233.

"A warrantless search is per se unreasonable and invalid unless it comes within one of a few recognized exceptions." Francis, 167 N.H. at 602 (quotation omitted). One such exception is a search conducted incident to an arrest. See State v. Murray, 135 N.H. 369, 374 (1992). "Justified by the need to prevent physical harm to the arresting officer, destruction of evidence, and possession of implements of escape, the search-incident exception authorizes the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." Id. (quotation omitted).

The defendant argues that the trooper's search was unlawful because: he already had conducted a pat-down search for weapons; the defendant was physically unable to harm the officer or destroy evidence while he was handcuffed; and he "certainly did not possess implements of escape." The trooper testified, however, that his pat-down search was limited to the "outer

3

garments," and that he searched the defendant's pockets before placing him in his cruiser because "there still could be items that [he] would not have felt on a Terry pat[-down search]." He also testified that his routine procedure, before placing an arrested person in his cruiser, is to search "for implements of escape, keys, . . . weapons, . . . [and] evidence," and to document property in the arrested person's possession at the time of the arrest. We have previously noted that "upon arrest the police may search an arrested person for valuables, weapons, instruments of escape, and evidence of crime." State v. Cimino, 126 N.H. 570, 574 (1985).

Based upon this record, we agree with the trial court that the officer's search was justified by the search-incident-to-arrest exception to the warrant requirement. Accordingly, we conclude that the court did not err in denying the defendant's motion to suppress. Because the Federal Constitution is no more protective of the defendant's rights than the State Constitution under these circumstances, see, e.g., United States v. Robinson, 414 U.S. 218, 235 (1973), we reach the same conclusion under the Federal Constitution.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
