NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
Case No. 2022-0425
Citation: State v. Niebling, 2024 N.H. 34

THE STATE OF NEW HAMPSHIRE

v.

AVRAM M. NIEBLING

Argued: January 18, 2024
Opinion Issued: July 2, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.

Prieto Law, PLLC, of Manchester (Joseph J. Prieto and Timothy J. Donovan on the brief, and Timothy J. Donovan orally), for the defendant.

MACDONALD, C.J.

[¶1] The defendant, Avram M. Niebling, appeals his felony conviction, based on stipulated facts, for possession of a controlled drug. See RSA 318-B:2, I (2017). Prior to his conviction, the defendant moved to suppress

evidence obtained during a search of his wallet following his arrest for driving under the influence.  See RSA 265-A:2, I (2014).  The Superior Court (Will, J.) denied the defendant's motion, finding that the search of the wallet constituted a search incident to arrest.  The issue on appeal is whether the trial court erred in finding that the search of the wallet, which occurred at the police station during the booking process, fell within the search incident to arrest exception to the warrant requirement.  We affirm.

I.  Background

[¶2] The following facts were found by the trial court or are otherwise supported by the record.  On August 30, 2020, the defendant was arrested for driving under the influence.  The arresting officer placed the defendant in handcuffs and conducted a pat-down search of his person, during which the officer removed a wallet from the defendant's pocket.  The officer observed that the wallet appeared to contain a substantial amount of cash, but he did not search the wallet at that time.  After placing the wallet in an evidence bag, the officer took the defendant to the police station.

[¶3] At the police station, after conducting another search of the defendant, the police removed his handcuffs and had him sit in the booking area while they began the booking process.  Prior to obtaining the defendant's fingerprints, the arresting officer counted the cash in the defendant's wallet pursuant to the police department's inventory policy.  While that officer was counting the cash, a second officer assisted with the booking process by "inputting the biographical data into the system."  To obtain the defendant's information, the second officer looked inside the wallet for the defendant's driver's license.  When taking the driver's license out of the wallet, he noticed "two white pills" in the same part of the wallet as the license.  Based on their markings, the officer identified the pills as oxycodone.  The defendant was charged with possession of a controlled drug.  See RSA 318-B:2, I.

[¶4] The defendant moved to suppress the evidence obtained from the search of the wallet and to dismiss the charge.  He argued that "there is no applicable exception to a warrantless search of the contents of the wallet during the booking process," as the wallet "had been fully removed from the Defendant's control and was firmly within the police's possession."  The State objected, asserting that the "search of the Defendant's wallet during booking after he had been arrested elsewhere and transported to the police station would be valid as [a] search incident to lawful arrest" or as an inventory search.

[¶5] Following a hearing at which both officers testified, the trial court denied the defendant's motion to suppress.  The court found that "to the extent [the officer's] efforts to obtain the defendant's license from his wallet are

appropriately characterized as a search, such a search would fall within the 'search-incident exception' to the warrant requirement." Relying mainly on State v. Farnsworth, 126 N.H. 656 (1985), and State v. Cimino, 126 N.H. 570 (1985), the court concluded that "[i]n these circumstances, the passing of time from the seizure of the wallet to its searching, does not undermine the constitutionality of the later search."

[¶6] The defendant subsequently stipulated to sufficient facts for conviction of possession of a controlled drug. This appeal followed.

II. Analysis

[¶7] On appeal, the defendant argues that the warrantless search of his wallet was neither "conducted incident to arrest" nor "conducted pursuant to a neutral inventory policy" and "was therefore unreasonable and unconstitutional." (Bolding and capitalization omitted.) See N.H. CONST. pt. I, art. 19; U.S. CONST. amends. IV, XIV. The defendant asserts that at the time of the search, "[t]he wallet had been fully removed from [his] control and was firmly within police possession," and that "[t]here was no exigency nor was there any way for [him] to access the retrieved wallet to destroy any potential contraband." The State counters that this court "has never adopted a rule that requires the officer to complete his search at the time of the arrest." "To the contrary," the State argues, we have held "that searches conducted at the place of detention subsequent to the initial arrest may still be considered 'contemporaneous' for the purpose of determining whether those searches were incident to the arrest."

[¶8] When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions de novo. State v. Minson, 173 N.H. 501, 504 (2020). We first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983).

[¶9] Part I, Article 19 of the State Constitution provides in pertinent part, "Every subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions." N.H. CONST. pt. I, art. 19. A warrantless search is per se unreasonable and invalid unless it comes within one of a few recognized exceptions. Minson, 173 N.H. at 504. Absent a warrant, the burden is on the State to prove that the search was valid pursuant to one of these exceptions. Id.

[¶10] For the search incident to arrest exception to be applicable, the search and seizure must be made contemporaneously with the arrest and only with respect to those items within the defendant's immediate control. State v.

3

Murray, 135 N.H. 369, 374 (1992). This exception is "[j]ustified by the need to prevent physical harm to the arresting officer, destruction of evidence, and possession of elements of escape." Id. A search incident, to be deemed contemporaneous with the arrest, requires both temporal and spatial proximity. Id.

[¶11] It is clear that a search that may be made at the time and place of arrest also may be legally conducted when the arrested individual later arrives at a place of detention. Farnsworth, 126 N.H. at 662; see State v. Levesque, 123 N.H. 52, 55-56 (1983) (acknowledging that it is "routine police procedure for the jailer, or other officer into whose custody an arrested person is delivered, to make a thorough search of the person during the booking process" and that "[s]uch a search is pursuant to an arrest, even though some time has elapsed between the apprehension of the prisoner and his incarceration" (quotations omitted)).

[¶12] A lawful arrest justifies reasonable latitude of both the search and the seizure of things found on or in the possession of the defendant. Levesque, 123 N.H. at 56; see State v. Maxfield, 121 N.H. 103, 105 (1981) (where the police had lawfully arrested the defendant, the subsequent warrantless search of a film canister that fell out of the defendant's clothing was "a reasonable intrusion that did not violate" either the Federal or State Constitutions). Thus, the police need no warrant to examine the otherwise hidden contents of packages taken from the person as an incident of a lawful arrest. Cimino, 126 N.H. at 575. Here, at the time of his lawful arrest, the defendant's wallet was found on his person and seized. As the trial court noted, "During the hearing the defendant acknowledged that the officers could have conducted a full search of his wallet at the scene of his arrest." See State v. Dunbar, 117 N.H. 904, 905 (1977) (rejecting, as having "no merit," the defendant's contention that, "although the arrest was lawful, it was improper to admit evidence of the contents of [a] wallet without obtaining a search warrant" and noting that it "is well settled that a search incident to such an arrest is reasonable and legal"). Because the defendant's wallet was seized during a lawful arrest, the officer was permitted to search it at the police station during the booking process without a warrant. See Cimino, 126 N.H. at 574-75; Levesque, 123 N.H. at 56.

[¶13] This case is distinguishable from State v. Murray. In Murray, the defendant was arrested for disorderly conduct and resisting arrest. Murray, 135 N.H. at 370. The defendant was injured during the arrest. See id. The arresting officer obtained possession of the defendant's purse, although he could not remember how or when. Id. After a rescue team arrived and took custody of the defendant to attend to her injuries, the officer searched the purse, initially for identification, but continued to search and found a small amount of marijuana inside a closed film canister. See id. at 370-71. We agreed with the defendant that the marijuana was illegally obtained and should

4

be suppressed, reasoning that "[w]here the defendant's purse was thus searched at the officer's convenience after passage of appreciable time, and was at all times under the exclusive control of the arresting officer, the search of its contents was not incident to the arrest." Id. at 375 (quotations and citations omitted). As we observed, at the time the officer explored the contents of the defendant's purse, the defendant was "not at hand but was in an ambulance about to be transported to the hospital." Id. at 374. Notably, we distinguished Murray from cases such as Cimino where "the property at issue had been taken from the defendant's person and inspected either at the time of arrest or in the booking process at the police station." Id. at 375. Here, unlike Murray, the arresting officer obtained possession of the defendant's wallet during a lawful arrest and looked inside it at the time of the defendant's booking at the police station while the defendant was present.

[¶14] We hold that the trial court did not err in determining that the search of the wallet fell within the search incident to arrest exception to the warrant requirement. The State Constitution provides at least as much protection as the Federal Constitution under these circumstances. See United States v. Edwards, 415 U.S. 800, 805 (1974); Gustafson v. Florida, 414 U.S. 260, 266 (1973). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.